FILED ENTERED
LODGED RECEIVED

SEP 13 2010

AT SEATTLE
CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
BY                                    DEPUTY



**10-CV-01423-RESP**

SUPERIOR COURT OF WASHINGTON, FOR KING COUNTY

JOHN E. ERICKSON and SHELLEY A.
ERICKSON, husband and wife;
Shelley's Total Bodyworks Day
Spa/Shelley's Suntan Parlor a
sole proprietorship

       Plaintiff, claimants

               Pro Se

vs.

Long Beach Mortgage Co, WAMU
Bank and Chase Bank. Agent for
Deutsche Bank Natl. Trust.
Servicing agent for Chase Bank.
Loan no. 0697646826
HIGA ESCROW/CAROLE HIGA; PETER
RU AGENT/BROKER FOR LONG BEACH
MORTGAGE:

       Defendant

Case No.10-2-29165-2 KNT
   No. 2:10-cv-1423

 AMENDED
COMPLAINT AND CAUSE OF ACTION

AMENDED

COMPLAINT AND CAUSE OF ACTION

PAGE1

JOHN E. and SHELLEY A. ERICKSON PRO-SE
5421 PEARL AVE S.E.
AUBURN WA. 98092
(206)255-6324  (206)255-6326
(253)939-9741
SHELLEYSTOTALBODYWORKS@COMCAST.NET

1   Amended complaint and cause of action persuant (1) Subject
2   to subsection (2)and Rule 76.

3

4                              **I. PARTIES**

5

6       At all times and material hereto; We, the
7   Plaintiffs/Complainants, John E. and Shelley A. Erickson, a
8   married couple, resided in King County at 5421 Pearl Ave
9   S.E., Auburn, Washington, 98092 since 1981.  Plaintiff's own
10  Shelley's Total Bodyworks Day Spa/Shelley's Suntan Parlor as
11  sole proprietor business for thirty years in Auburn,
12  Washington.

13

14      The defendants are believed to be and therefore are alleged
15  to be, residents of King County, State of Washington and
16  defendants represented the mortgage company Long Beach Mortgage.
17  All of these defendants complained of herein were done both
18  and individually and for the benefit of the Long Beach Mortgage
19  Company. The documents were signed in Bellevue, Washington. Higa
20  Escrow. Peter Ru agent/broker.

21

22                    **II. SUBJECT MATTER JURISDICTION**

23

24      Plaintiffs/Complainant's reallege each and every allegation
25  contained in paragraph 1. through herein.

        At the time of commencing this tort action at the above
    location, the defendants in the original signing of the

AMENDED

COMPLAINT AND CAUSE OF ACTION

PAGE2

JOHN E. and SHELLEY A. ERICKSON PRO-SE
5421 PEARL AVE S.E.
AUBURN WA. 98092
(206)255-6324   (206)255-6326
(253)939-9741
SHELLEYSTOTALBODYWORKS@COMCAST.NET

1   documents were represented by and also were representing Higa
2   Escrow, Long Beach Mortgage/WAMU now Chase Bank branch in
3   Bellevue, Washington, County of King, State of Washington.   Now
4   claiming the Deutsch Bank National Trust being the investor.
5
6   Individuals/defendants' listed above, live and work in the
7   sovereign State of Washington.
8   The direct predatory loan act on the Erickson's home took place
9   in the State of Washington.   Violations of the Truth and Lending
10  Acts and the committing of Mortgage Fraud and predatory lending
11  took place inside the State of Washington, and each and
12  every individual State in the United States and has been deemed
13  the largest organized crime in the history of the United States
14  and possibly the globe.   Causing economic hardship for thousands
15  of citizens inside the State of Washington, effecting jobs,
16  causing loss of jobs therefore loss of incomes and causing
17  economic chaos, injuring the plaintiff's business, This is an
18  economic crime at its worst. **EXHIBIT 4;** Causing the plaintiff's
19  to be in bankruptcy and at risk of losing their home. **Exhibit**
20  **13,14,16,17,19-22. Barnsdall Refining Corn. V. Birnam wood Oil**
21  **Co., 92 F 2d 817; RCW 11.98.110; TILA 15 U.S.C.1601"Regulation**
22  **Z".**
23
24      Plaintiff's had a good solid business and can prove through
25  accounting records, had built a huge business that grew every
    year until the mortgage fraud came to a climax and began
    dramatically draining the economy, with a bubble burst caused by
    mortgage fraud and organized crime.   The mortgage fraud and

AMENDED

COMPLAINT AND CAUSE OF ACTION

PAGE3

JOHN E. and SHELLEY A. ERICKSON PRO-SE
5421 PEARL AVE S.E.
AUBURN WA. 98092
(206)255-6324   (206)255-6326
(253)939-9741
SHELLEYSTOTALBODYWORKS@COMCAST.NET

1  servicing fraud has effected the United States and the entire
2  globe. **Exhibit 15&18 Exhibit B-1 and C.**
3
4      All direct [Tort] acts of the defendants giving rise to
5  plaintiffs' personal mortgage causes of action, originated and
6  took place in King County, inside the sovereign boundaries of
7  plaintiff's/[nationals] borders of the state of
8  Washington. The economic harm has occurred to the Erickson's
9  business and livelihood located inside the sovereign boundaries
10  of the State of Washington. Washington law RCW 9.91.010,
11  protects the plaintiff's civil right within the boundaries of
12  the State of Washington. 18 U.S.C.§1964 provides
13  for civil remedies for Racketeer influenced and corrupt
14  organization (RICO) violation: All act of defendants/agents
15  *inside this jurisdiction allegedly represent Long Beach*
16  Mortgage, a company that is associated to WAMU in the original
17  signing of the documents, and has been purchased by CHASE BANK
18  in King County, State of Washington. Washington Superior Court
19  has "general" jurisdiction, SUBJECT MATTER JURISDICTION AND
20  TERRIOTORIAL JURISDICTION AND PERSONAL JURISDICTION AND IS
21  COMPETENT TO HEAR ANY CASE OVER WHICH NO OTHER TRIBUNAL HAS
22  EXCLUSIVE JURISDICTION, AND HAS THE AUTHORITY TO HEAR THE VAST
23  MAJORITY OF CASES.
24
25      Chase Bank then purchasing loans based on mortgage fraud as
notes to money launder corrupt mortgages. 18U.S.C.1956-57,
U.S.C.A.1956, prohibits money laundering. [Cases :United States
v,34 C. J. S. United States  §§ 162-163.]. Money laundering is

AMENDED

COMPLAINT AND CAUSE OF ACTION

PAGE4

JOHN E. and SHELLEY A. ERICKSON PRO-SE
5421 PEARL AVE S.E.
AUBURN WA. 98092
(206)255-6324   (206)255-6326
(253)939-9741
SHELLEYSTOTALBODYWORKS@COMCAST.NET

1 defined in Blacks Law Book as: The act of transferring illegally
2 obtained money through legitimate people accounts so that its
3 original source cannot be traced.  Money -laundering is a
4 federal crime. 18 U.S.C.A. § 1956, however has provisions under 18 U.S.C. §
5 1956-1957 in a civil action.  The mortgage documents for our mortgage
6 and millions of mortgages have been shredded so origin cannot be
7 traced, so value and ownership cannot be traced. It is also
8 addressed through the state governments, e.g., through the
9 Uniform Money Services Act.  Because some money -laundering is
10 conducted across national borders, enforcement of money-
11 laundering laws often requires international cooperation,
12 fostered by organizations such as Interpol.. ]      Chase Bank
13 mortgage serving then committing mortgage fraud upon the
14 Erickson's, who's home is located inside the jurisdiction of the
15 sovereign State of Washington. Such as sold to the Deutsch
16 National Trust.

17

18      "A party lacks standing to invoke the jurisdiction of a
19 court unless he has, in an individual or a representative
20 capacity, some real interest in the subject matter of the
21 action. ( State ex rel. Dallman v. Court of Common Pleas
22 (1973), 35 Ohio St. 2d 176, 298 N,E. 2d 515, syllabus. See
23 Bellitri v. Ocwen; opinion: a party "must have some actual,
24 justiciable interest. " Id. They must have a recognizable stake.
25 Wahhl v. Braun, 980 SW.2d 322 (Mo. App,. E.D. 1998).  Lacking f
standing cannot be waived and may be considered by the court sua
sponte. Brock v. City of St. Louis, 724 S.W.2d 721 (Mo. App.E.D.
1987).  If a party seeking relief lacks standing , the trial

AMENDED

COMPLAINT AND CAUSE OF ACTION

PAGE5

JOHN E. and SHELLEY A. ERICKSON PRO-SE
5421 PEARL AVE S.E.
AUBURN WA. 98092
(206)255-6324   (206)255-6326
(253)939-9741
SHELLEYSTOTALBODYWORKS@COMCAST.NET

1  court does ;not have jurisdiction to grant the requested relief,
2  Shannon, 21 S.W. 3d at 842.WBal  The Eleventh Appellate District
3  has held that 'Civ.R. 17 is not applicable when the plaintiff is
4  not the proper party to bring the case and, thus, does not have
5  standing to do so.  A person lacking any right or interest to
6  protect may not invoke the jurisdiction of a court. 'Northland
7  ins. Co v. Illuminating Co., 11th Dist. Nos. 2002-A-oo58 and
8  2002-A-0066,2004-Ohio-1529, at  17 (internal quotations and
9  citations omitted).  The court has also noted that "Cov.R. 17
10 (A) was not applicable unless the plaintiff(and or defendant)had
11 standing to invoke the jurisdiction of the court in the first
12 place, either in an individual or representative capacity.
13 With some real interest in the subject matter. Civ.R. 17 only
14 applies if the action is commenced by one who is sui juris or
15 the proper party to bring the action. "  Travelers Indemn. Co.
16 v. R. L. Smith Co (Apr. 13. 2001.) 11th Dist. No. 2000-L-014. "
17 Wells Fargo Bank, N .A. v, /Byrd. 178 Ohio App. 3d 285, 2008-
18 Ohio-4603, 897 N.E. 2d 722.  It went on to hold "If
19 plaintiff(and or defendants')has offered no evidence that it
20 owned the note and mortgage when the complaint was filed, it
21 would not be entitled to judgment as a matter of law". The
22 Erickson's have lived in this home for over 32 years and have
23 paid taxes on this home for over thirty two years, and were two
24 years from paying off the mortgage when the economic crimes of
25 the fraudster banks caused plaintiffs huge loss of income
   causing them to take out loan to save their business and
   personal home and forced sale and transfer of all the properties
   owned by the plaintiff's except their home, trying to survive

JOHN E. and SHELLEY A. ERICKSON PRO-SE
5421 PEARL AVE S.E.
AUBURN WA. 98092
(206)255-6324   (206)255-6326
(253)939-9741
SHELLEYSTOTALBODYWORKS@COMCAST.NET

1   the criminal economic losses. The U.S. Mail and phone services
2   have been used by the fraudster mortgage company and servicing
3   company to defraud, violating the "mail Fraud" and "Wire Fraud"
4   act 18.U.S.C.§1341 AND 18 U.S.C.§1343   Ohio courts have the
5   inherent power to vacate the prior judgments in foreclosure.
6   Patton v. Diemer (1988),35 Ohio St. 3d 68, 70, 518 N.E. 2d 952.
7   The state courts of Massachusetts and Kansas have agreed on this
8   matter.

9                 **III. AUTHORITIES (STATUTES)**

10

11      No. Carolina AUDAP STATUTE, CREATESS A PRIVAT CAUSE OF
12   ACTION FOR "[UNFAIR METHODS OF COMPETITION IN OR AFFECTING
13   COMMERCE,. Ad unfair deceptive acts, practice ninor affecting
14   commerce. "36     The commission of such act that injures a
15   person in a business may be punished by treble damages and
16   attorney fees. Georgia's residential mortgage fraud act. See: 33
17   18 U.S.C. §1961(1)(b), 34 18 U.S.C.§ 1962, 35U.S.C. § 1964(c), 36 N.C.G.S. § 75-
18   1.1. (a), 37jd. § 75-16, 75- 16.1.38Ga. Code § 16-8-etse§,39jd.§ 16-8-102. See: e.g,
19   Arizona S.B. 1221; Florida S.B. 240 &H.B. 349; Minnesota S.F. 797 & H.F. 851,
20   797; Texas H.B..716c. See: 41 Sec e.g. S. Rep. No. 597, 63 Cong, 2d Sess. J at 8-
21   13(1914), HR Rep No. 1142, 63d. Cong, 2d Sess. j at 18-19(1914) (Conference
22   Report). See: e.g. H.R. Rep. No. 1613. 75th Long. Lst Sess, at 3(1937); 83 Cong.
23   Rec. 392-406(1938). 43 Holloway v. Bristol-Myers Corp. 485 F. 2d 986, 997, (D. C.
24   Cir 1973). See 18.235.110. AND 18. 85. 230. Guzman b. Ocwen 17, 18 U.S.C.134,;
25   18 U.S.C.§1343. Violation to "Obstruction to private entrepreneurs
    44.1d.   At 997-98, 45, John H. Beslner et al. Class action
    "Corps Public Servants or Private Entrepreneurs? 57STAN.L.Rev.

JOHN E. and SHELLEY A. ERICKSON PRO-SE
5421 PEARL AVE S.E.
AUBURN WA. 98092
(206)255-6324   (206)255-6326
(253)939-9741
SHELLEYSTOTALBODYWORKS@COMCAST.NET

1       Truth in Lending Act was passed to prevent unsophisticated
2  consumer from being misled as to total cost of financing. Truth
3  in Lending Act, Section 102, 15 U.S.C. Section 1601. Griggs v.
4  Provident Consumer Discount Co. 680 F.2d 927,Certiorari granted,
5  vacated 103 S. Ct. 400, 459 U.S. 56, 74 L.Ed,2d 225, on remand
6  699 F,2d 642.

7       Purpose of Truth in Lending Act is for customers to able to
8  make informed decisions. Truth in lending Act Section 102 et
9  seq., 15 U.S.C. Section 1601 et seq. Brophv v. Chase Manhattan
10  Mortgage Co, 947 F. Supp 879. Truth in Lending Act, Sections 102
11  et seq, 102(a), 105 as amended, 15 U.S.C. Sections 1601(a),
12  1604; Truth  in Lending Act is strictly a liablility statute
13  liberally construed in favor of consumers. Truth in lending
14  regulations, Regulation Z, Sections 226. 1 et seq., 226. 18, 15
15  U.S.C. Section 1700, Basile v. H&R Block. Jlt (L. 897 F. Supp.
16  194.

17       To qualify for protection of Truth in Lending Act [15
18  U.S.C. Section 1601 et seq.] Plaintiff must show that disputed
19  transaction was a consumer credit transactin not a business
20  transaction. Truth b Lending Act, Section 102 et seq, 15 U.S.C.
21  Section 10601 et seq. Quino v. A-I Credit Com. 635 F. Supp. 151;
22

23       Under truth in lending regulation providing that disclosure
24  of consumer credit loan shall not be "stated, utilized or placed
25  so as to mislead or confuse," consumer, placement of disclosures
   is to be considered along with their statement and use.    Truth

AMENDED

COMPLAINT AND CAUSE OF ACTION

PAGE8

JOHN E. and SHELLEY A. ERICKSON PRO-SE
5421 PEARL AVE S.E.
AUBURN WA. 98092
(206)255-6324   (206)255-6326
(253)939-9741
SHELLEYSTOTALBODYWORKS@COMCAST.NET

1 in Lending Regulations, Regulation Z, Section 226.6(c), 15
2 U.S.C. following section 1700. Geimuso v. Commericial Bank &
3 Trust Co. 566 F.2d 437.

4

5     Any violation of the Truth in Lending Act, regardless of
6 technical nature, must result in finding of liability against
7 lender. Truth in Lending Act Section 130(a,e), Is U.S.C. Section
8 1640 (a,e). In Re Steinbrecher. 110 BR. 1556, 116 A.L.R. Fed.
9 881.

10

11     Question of whether lender's Truth in Lending Act
12 disclosures are inaccurate, misleading or confusing ordinarily
13 will be for fact finder; However, where confusing, misleading
14 and inaccurate character of disputed disclosure is so clear that
15 it cannot reasonably be disputed, summary judgment for plaintiff
16 is appropriate.

17

18     Truth in Lending Act Section 102 et seq; Truth in Lending
19 Regulations, Regulation Z, Section 226.1 et seq,. 15 U.S.C.
20 Section 1700. Griggs v. Provident Consumer Discount Co. 503 F,
21 Supp 246, appeal dismissed 672 F. 2d 903, appeal after remand
22 680 F.2d 927, certiorari granted, vacated 103 S. Ct, 400, 459
23 U.S. 56, 74 L.Ed. 2d 225, on remand 699 E2d 642. Pursuant to
24 regulations promulgated under5Tr5uth in Lending Act, violator of
25 disclosure requirements is held to standard of strict liability,

JOHN E. and SHELLEY A. ERICKSON PRO-SE
5421 PEARL AVE S.E.
AUBURN WA. 98092
(206)255-6324   (206)255-6326
(253)939-9741
SHELLEYSTOTALBODYWORKS@COMCAST.NET

1   and therefore, borrower need not show that creditor in fact
2   deceived biro by making substandard disclosures.
3
4   Truth in Lending Act, Sections 102-186, as amended, 15
5   U.S.C. Section 1601-1667(e);Truth in Lending Regulations,
6   Regulation Z, Section 226,8(b-d, 15 U.S.C. Section 1700 Soils v.
7   Fidelity Consumer Discount Col. 58 B.R. 983;Once a creditor
8   violates the Truth In Lending Act, no matter how technical
9   violation appears, unless one of statutory defense applies,
10  Court has no discretion imposing liability.
11
12  Under the facts at hand the Defendants Bank has patently
13  violated the Truth in Lending Act, at all relevant times the
14  Bank misled and attempted to confuse Plaintiff's.  The Bank did
15  not provide appropriate disclosure as required by the truth in
16  Lending Act in a substantive and technical manner. "It is not
17  necessary for recession of a contract that the party making the
18  misrepresentation should have known that it was false, but
19  recovery is allowed even thought misrepresentation is innocently
20  made, because it would be unjust to allow one who made false
21  representation, even innocently, to retain the fruits of a
22  bargain induced by such representations." Whipp v. Iverson, 43
23  Wis 2d 166.
24
25  "If any part of the consideration for a promise be illegal,
    or if there are several considerations for an unseverable
    promise one of which is illegal, the promise, whether written or

JOHN E. and SHELLEY A. ERICKSON PRO-SE
5421 PEARL AVE S.E.
AUBURN WA. 98092
(206)255-6324   (206)255-6326
(253)939-9741
SHELLEYSTOTALBODYWORKS@COMCAST.NET

1  oral, is wholly void, as it is impossible to say what part or
2  which on of the considerations induced the promise." Menominee
3  River Co. V. Augustus Spies L & C. Co., 147 Wis 559+, 572; 132
4  NW 1122.
5
6      "Any false representation of material facts made with
7  knowledge of falsity and with intent that it shall be acted on
8  by another in entering into contract, and which is so acted
9  upon, constitutes ":fraud, " and entitles party deceived to
10 avoid contract or recover damages." Barnsdall Refining Corn, V.
11 Birnam wood Oil Co, 92 F 2d 817. "In the Federal Courts, it is
12 well established that a national bank has not power to lend its
13 credit to another by becoming surety, indorse, or guarantor for
14 him."  Farmers and Miners Bank v. Bluefield Nat'l Bank, 11 F 2d
15 83, 271 U.S. 669."
16
17                        **IV. ALLEGATIONS**
18
19      Plaintiff's claim "Mortgage Fraud", Mortgage servicing
20 Fraud, predatory lending fraud, "[u]nfair methods of competition
21 in or affecting commerce,. Ad unfair deceptive acts, practice
22 ninor affecting commerce. "violations of Mortgage fraud
23 statutes, violation of federal mail and wire statutes 33&34.
24 "Wire Fraud", and " Mail Fraud", violations of the "RICO ACT"
25 engaging in a pattern of "Racketeering influenced and corruption

JOHN E. and SHELLEY A. ERICKSON PRO-SE
5421 PEARL AVE S.E.
AUBURN WA. 98092
(206)255-6324   (206)255-6326
(253)939-9741
SHELLEYSTOTALBODYWORKS@COMCAST.NET

1  organized (RICO): 18 U.S.C. §1964.;18 U.S.C. §1503, AD 18 U.SC. §1503,
2  which prohibits obstruction of justice, ad 18 U.S.C. §1956-57, which prohibits money
3  laundering. See South Star Fundry LLC v. Supreme Sprouse, 2007. WL 812174
4  (W.D.N.C. Mar. 13, 2007)(18 U.S.C. §1964,; United States v. Dementz, 2007 WL.
5  708975(11th Cir. Mar. 8, 2007)(18U.S.C. §1956, 1957); United states v. Soehnge,
6  2007 WL 4213(10th Cir. Jan, 2, 2007)(18 U.S.C. §1342); United States B.
7  DeaANgelis, 2006 WL 3082674 (11tj Cir. Oct 31, 2006) 18 U.S.C. §1001); United
8  States v. Havens, 424 F. 3d 535(7 Cir. 2005);(42 U.S.C. §408(a)(7), United States v.
9  Lgeir, 2002 WL 31429868(3rd Cir. 2002) (18 U.S.C. §1028). And Obstruction to
10 Private Entrepreneurs. And economic organizied crime, Injuring
11 plaintiff's business, and the entire Washington State economy.
12
13                    **V. MORTGAGE SERVICING FRAUD.**
14
15     April 2009, the fraudster mortgage servicing company told
16 the plaintiff's by wire (phone) they had been approved for a
17 modification loan, the paperwork was in the mail.  May 29, 2009
18 the plaintiff's receive a letter violating ["mail fraud"], and
19 "wire fraud", stating the plaintiff's were being sent
20 [temporary] coupons for a[ trial modification period.] "You may
21 continue to receive your normal statement during this trial
22 period,but please do not use it for making future payments. Once
23 your modification is effective, normal billing statements
24 reflecting the modified terms will resume.  If you make all [3]
25 trial period payments on time and comply with all of the

JOHN E. and SHELLEY A. ERICKSON PRO-SE
5421 PEARL AVE S.E.
AUBURN WA. 98092
(206)255-6324  (206)255-6326
(253)939-9741
SHELLEYSTOTALBODYWORKS@COMCAST.NET

1  applicable program guidelines., you will have qualified for a
2  final modification. [The plaintiff's had already been told they
3  had qualified for a modification loan, by phone.] (Plaintiff's
4  paid six months of modification payments.) However, there may be
5  a period of time between your last trial payment and your first
6  modification payment as we finalize the documents and get them
7  back from you. During that interval, you should make a
8  continuation payment at the trial period amount, and an extra
9  coupon has been provided for that purpose.  That payment will
10  be applied as a principal reduction payment when your final
11  modification is effective." **SEE EXHIBIT #1&5.**

12

13      May 2009 through October 2009, the plaintiff's paid the
14  modified payment. September 2009.  October 13, 2009, Plaintiff's
15  receive a letter from Chase servicing department stating the
16  plaintiff's do not qualify, after being told they were approved
17  and qualified and had made six modification payments. ["mail
18  fraud"]and ["Wire fraud"].

19

20      Plaintiff's call Chase servicing department and ask how
21  Chase can tell them they are approved and pay for six months
22  then tell them they are unapproved? Plaintiff's are told due to
23  the present changes during our modification trial period with
24  the Obama plan we have been unqualified now. **EXHIBIT 6**
25      Plaintiff's are told because the modification payments

AMENDED

COMPLAINT AND CAUSE OF ACTION

PAGE13                                    JOHN E. and SHELLEY A. ERICKSON PRO-SE
                                          5421 PEARL AVE S.E.
                                          AUBURN WA. 98092
                                          (206)255-6324   (206)255-6326
                                          (253)939-9741
                                          SHELLEYSTOTALBODYWORKS@COMCAST.NET

1 were partial payments the servicing company does not accept the
2 payments to be full payments, only partial payments therefore
3 the plaintiff's, have fallen into foreclosure status, and owe an
4 additional $25,000.00 or the mortgage company will foreclose on
5 the plaintiff's home.

7 October 28, 2009, The plaintiff receive a DEBT VALIDATION
8 LETTER from Chase , RE:Chase Loan No. : 0697646826: **EXHIBIT 2**

10 October 2009, after receiving this letter, I go to Diane
11 Fritschi, manager of Chase Bank in Auburn, Washington, to see if
12 Diane could talk to the servicing department. Diane calls the
13 servicer and is told due to the changes in the Obama plan
14 the Erickson's have been unqualified for the modification loan.

16 October 2009, Mrs. Erickson goes to attorney Sarah Small
17 Point-Du Jour whom draws up a letter of dispute of ownership of
18 the mortgage, asking for proof of who owns the mortgage and she
19 mails this letter certified mail to the mortgage servicing agent
20 and the mortgager on November 11, 2009. The mortgage
21 company/servicing company has never answered the letter of
22 dispute. **EXHIBIT 3**

24 Sarah Small Point Du Jour, refers me (Mrs. Erickson) to
25 Melissa, a predatory lending attorney, who agrees Chase Mortgage

AMENDED

COMPLAINT AND CAUSE OF ACTION

PAGE14

JOHN E. and SHELLEY A. ERICKSON PRO-SE
5421 PEARL AVE S.E.
AUBURN WA. 98092
(206)255-6324  (206)255-6326
(253)939-9741
SHELLEYSTOTALBODYWORKS@COMCAST.NET

1  has defrauded plaintiff's, however she is unfamiliar with this
2  subject and recommends the plaintiff's file bankruptcy.   We are
3  in the middle of filing for bankruptcy caused by the mortgage
4  fraudsters.   I have chosen to do the complaint and cause of
5  action claim Pro Se. And let Melissa file bankruptcy for us.
6
7       The servicing and mortgage agents, and are in fact loan
8  sharks, acting as discriminating predatory lenders and criminals
9  committing organized crime at its worst.   Defendants have
10 mislead the Erickson's committed fraud, deception, and tort
11 against the Erickson's, by phone calls and mail, violating the
12 "Mail Fraud" Act and "Wire Fraud" Act, therefore violating the
13 "RICO ACT".
14
15      The defendants have blank mortgage assignments they possess
16 transferring nothing. A mortgage is a conveyance of land.
17 The various agreements between the securitization entities
18 stating that each had a right to an assignment of the mortgage
19 are on themselves an assignment and they are certainly not I
20 recordable form. The issues in this case are not merely
21 problems with paperwork or a matter of dotting i's and crossing
22 t's. Instead, they lie at the heart of the protections given to
23 homeowners and borrowers by the Washington legislature.
24
25      To accept the defendants arguments of this alleged debt
   being enforceable and collectable and to allow them to take the

JOHN E. and SHELLEY A. ERICKSON PRO-SE
5421 PEARL AVE S.E.
AUBURN WA. 98092
(206)255-6324   (206)255-6326
(253)939-9741
SHELLEYSTOTALBODYWORKS@COMCAST.NET

1  Erickson's home without demonstrable right to do so, based upon
2  the assumption that they ultimately will be able to show that
3  they have that right and the further assumption that potential
4  bidders will be undeterred by the lack of a demonstrable legal
5  foundation for the sale and will nonetheless bid full value in
6  the expectation that the foundation will ultimately be produced,
7  even if it takes a year or more.  The law recognizes the
8  troubling nature of these assumptions, the harm caused if those
9  assumptions prove erroneous, and commands otherwise. " (Italic
10 emphasis in original.)  (U.S. Bank National Association v.
11 Ibanez/Wells Fargo v. Larace).

12

13              **VI.  REQUEST FOR QUIET TITLE ACTION**

14

15      The Erickson's request quiet title to establish title to
16 the land by compelling the adverse claimant to establish a claim
17 or be forever estopped from asserting it. Show us who owns the
18 mortgage or cancel the mortgage [NOW].

19

20                       **VII. FACTS**

21

22 "By statute, assignment of the mortgage carries with it the
23 assignment of the debt….Indeed, in the event that a mortgage
24 loan somehow separates interests of the note and the deed of
25 trust, with the deed of trust lying with some independent

AMENDED

COMPLAINT AND CAUSE OF ACTION

PAGE16

JOHN E. and SHELLEY A. ERICKSON PRO-SE
5421 PEARL AVE S.E.
AUBURN WA. 98092
(206)255-6324   (206)255-6326
(253)939-9741
SHELLEYSTOTALBODYWORKS@COMCAST.NET

entity, the mortgage may become unenforceable.  The practical effect of splitting the deed of trust from the promissory note is to make it impossible for the holder of the note to foreclose, unless the holder of the deed of trust is the agent of the holder of the note.

Without the agency relationship, the person holding only the note lacks the power to foreclose in the event of default. The person holding only the deed of trust will never experience default because only the holder of the note is entitled to payment of the underlying obligation.  The mortgage loan becomes ineffectual when the note holder did not also hold the deed of trust." (Citations omitted; emphasis added.)  **The defendant's /mortgage fraudsters have taken proof of who owns the the mortgage documents and shredded them or disposed of them to enable the fraudsters to sell the mortgages without proof of their value, hiding their true value to sell and resell and slice and dice the mortgages to get away with money laundering and being paid several times over for the same documents, defrauding the buyers and the sellers and are now stealing the mortgages back without proof of ownership, to hide there crime, causing economic hardship for almost every citizen in the United States including the Erickson's and injuring their business of over thirty years.**

AMENDED

COMPLAINT AND CAUSE OF ACTION

PAGE17

JOHN E. and SHELLEY A. ERICKSON PRO-SE
5421 PEARL AVE S.E.
AUBURN WA. 98092
(206)255-6324   (206)255-6326
(253)939-9741
SHELLEYSTOTALBODYWORKS@COMCAST.NET

1   Defendant's for the above reasons violates the "Money
2   Laundering Act".18 U.S.C. §1956-1957. See South Star Fundry LLC v.
3
4   Supreme Sprouse, 200 WL 812174 (W.D.N.C. Mar. 13, 2007)(18 U.S.C. §
5   1964), United States v. Dementz, 2007 WL 708975(11th Cir. Mar. 8, 2007)(18 U.S.C.
6   §1956, 1957); United States v. Soehnge, 2007 WL 4213 (10th Cir. Jan, 2, 2007)(18
7   U.S.C. § 1342); United States v. DeAngelis, 2006 WL 3082674 (11th Cir. Oct 31,
8   2006) 18 U.S.C. § 1001); United States v. Havens, 424 F. 3d 535(7 Cir. 2005); (42
9   U.S.C. § 408(a)(7), United States v. Lgeir, 2002 WL 31429868(3rd Cir. 2002) (18
10  U.S.C. § 1028).
11
12  `The fraudster servicing companies have pretended over and over to receive
13  only partial documents, from the home owners only to collect the thousand dollars(
14  EACH TIME they pretended to do the modification papers) from the government to
15  do the paperwork for the modification loans. **EXHIBIT 12 : Willie Winstead will
16  be called as a witness to testimony, that he has experienced the same up to
17  fourteen time.   Thus the servicing companies literally stealing billions of
18  dollars from our tax base to pay off the tarp money, with our own tax
19  dollars.**
20
21  The Erickson's sent the same documents in up to twelve
22  times, before being told the servicing company had received all
23  the documents and had finally been approved, by phone.
24  The defendants have used abusive and threatening and
25  deceptive and harassing collection practices. The defendants are

AMENDED

COMPLAINT AND CAUSE OF ACTION

PAGE18

JOHN E. and SHELLEY A. ERICKSON PRO-SE
5421 PEARL AVE S.E.
AUBURN WA. 98092
(206)255-6324   (206)255-6326
(253)939-9741
SHELLEYSTOTALBODYWORKS@COMCAST.NET

1  demanding uncollectible and unenforceable mortgage debts, based
2  on Mortgage fraud.

3

4      The defendants defrauded the Erickson's telling the
5  plaintiff's they were approved for a modification loan, then
6  sending a trial modification letter , making an agreement with
7  the Erickson's to pay modification payments and to ignore the
8  regular payment statements.  The Erickson's made modification
9  payments for six months , then are told the mortgage company has
10 changed its mind the plaintiff's are Unqualified. **All part of a**
11 **con job by organized criminals.**

12

13     The Plaintiff's submitted and resubmitted documents by fax,
14 for over ten months before the mortgage company finally stated
15 they had received all the copies, and not missing some through
16 the fax machine, before the Erickson's were given notice by
17 phone, they were approved for the modification loan.   The
18 Erickson's were not told they would receive a trial
19 modification, until they received the trial modification letter.

20

21     Plaintiff called the servicing agent in May, 2009 to see if
22 I was approved for our modification loan, I was told the
23 modification was approved and I would be receiving the paper
24 work soon.  Approximately a week later after I paid the June
25 payment I received a letter dated May 29, 2009, telling me:

AMENDED

COMPLAINT AND CAUSE OF ACTION          JOHN E. and SHELLEY A. ERICKSON PRO-SE
                                                5421 PEARL AVE S.E.
PAGE19                                           AUBURN WA. 98092
                                          (206)255-6324   (206)255-6326
                                                (253)939-9741
                                       SHELLEYSTOTALBODYWORKS@COMCAST.NET

1  According to our records we have recently sent you a Home
2  Affordable Trial Modification package.  If you have not already
3  remitted the payments as detailed in that package, please use
4  the temporary payment coupons enclosed with this letter.  If you
5  have already remitted some of the payments, please disregard the
6  respective coupon for that month's payment but use the remaining
7  coupon(s) going forward.
8
9      We never received this package they are talking about, so
10 we went directly to the bank to pay the first payment the
11 servicing company told us to pay on the first of June, 2009.
12 The bank refused the payment and told us we had to send the
13 payment directly to the servicing agent.
14
15     I called the servicing agent and told them we had not
16 received the packet, that I needed the address and sent a
17 cashiers check directly to them for the June modification
18 payment. Shortly after I made the payment I received the letter
19 dated June 29, 2009 with payment coupons attached to the letter.
20 The letter continued to say:  You may continue to receive your
21 normal statement during this trial period. (We did not), but
22 please do not use it for making future payments. Once your
23 modification is effective, normal billing statements reflecting
24 the modified terms will resume. If you make all (3) trial period
25 payments on time and comply with all of the applicable program
   guidelines, you will have qualified for the final modification.


AMENDED

COMPLAINT AND CAUSE OF ACTION

PAGE20

JOHN E. and SHELLEY A. ERICKSON PRO-SE
5421 PEARL AVE S.E.
AUBURN WA. 98092
(206)255-6324   (206)255-6326
(253)939-9741
SHELLEYSTOTALBODYWORKS@COMCAST.NET

1        Approximately the second and third payments, plaintiff's
2   called in by phone the servicing company told plaintiff's their
3   computers were down and to try again in a couple of weeks.  That
4   did not sound right to me, so we tried to call in a phone
5   payment in a couple of days and made the payments by phone.
6   (We were told by the servicing agent, the company had received
7   all the necessary paperwork, and we were approved for the
8   modification loan.  I had faxed all the requested material and
9   document to the serving company in order to receive the
10  modification loan.)

11

12       The servicing company letter continues.  However, there may
13  be a period of time between your last trial payment and your
14  first modification payment as we finalize the documents and get
15  them back from you.  During that interval, you should make a
16  continuation payment at the trial period amount, and an extra
17  coupon has been provided for that purpose.  That payment will be
18  applied as a principle reduction payment on your loan after your
19  final modification is effective.

20

21       The coupon page consisted of this: Please use the temporary
22  coupons below during your trial modification period and be sure
23  to include your loan number on your check.
24  If you have already remitted some payments or have set up
25  electronic payments for future payments under the trail plan,
    please disregard these temporary coupon(s) for those months.  If

AMENDED

COMPLAINT AND CAUSE OF ACTION

PAGE21

JOHN E. and SHELLEY A. ERICKSON PRO-SE
5421 PEARL AVE S.E.
AUBURN WA. 98092
(206)255-6324   (206)255-6326
(253)939-9741
SHELLEYSTOTALBODYWORKS@COMCAST.NET

1   you prefer to make your payment by phone, (Which we did) or have
2   any questions about these temporary coupons, please call us at
3   (866) 926-8937.   During your trial modification period, we are
4   waiving any telephone payment fees and can schedule your
5   payments in advance to help make it easier to keep your trial
6   plan current. If your loan is in foreclosure, certified funds
7   are required.
8
9        Additionally, you may not receive statements during the
10  trial modification months.   Normal billing statements reflecting
11  the modified terms will resume once your trial modification is
12  effective. These two papers were the only papers we received
13  until the October 13, 2009 letter. [This letter :   Stating the
14  bank was now refusing the modification loan, they had already
15  approved.   I called the servicing agent and asked why I received
16  a letter saying no after I was told in May 2009 that I was
17  approved and I have made six modification payments?
18
19       The servicing agent told me I qualified then however during
20  the modification trial period and the finalizing of the loan the
21  rules have changed and I do not meet the new requirements.
22  During this call it was the first time the servicing company
23  informed me why I owed over $25,000.00.   I was told the payments
24  are considered partial payments and I now have fallen behind
25  long enough to go into foreclosure.

AMENDED

COMPLAINT AND CAUSE OF ACTION

PAGE22

JOHN E. and SHELLEY A. ERICKSON PRO-SE
5421 PEARL AVE S.E.
AUBURN WA. 98092
(206)255-6324   (206)255-6326
(253)939-9741
SHELLEYSTOTALBODYWORKS@COMCAST.NET

1   If I had been warned the modification payments would not be
2   considered full payments I would never have agreed to make the
3   modification payments.  I was tricked, misinformed and deceived.
4   I would never have allowed my house to be in foreclosure.  I
5   have struggled to keep my house out of foreclosure.  I believed
6   this program was to help you, not set you up for foreclosure
7   INSTEAD. This is illegal according to the estoppel law.
8   ESTOPPEL:  The Supreme Court noted that the theory of judicial
9   estoppel "prevents a party from asserting one position in a
10  judicial proceeding and later taking an inconsistent position to
11  gain an advantage".
12
13  Estoppel includes being barred by false representation or
14  concealment(equitable estoppel), failure to take legal action
15  until the other party is prejudiced by the delay Estoppel by
16  silence. No man can contradict his own act or deed. An estoppel
17  arising when a negligent person induces someone to believe
18  certain facts, and then the other person **reasonably and**
19  **detrimentally relies on that belief.**
20
21  Estoppel by representation: An estoppel arises when one
22  makes a statement or admission that induces another person to
23  believe something and that results in that person's reasonable
24  and detrimental reliance on the belief. A promissory  estoppel
25  is is a contract law doctrine  It occurs when a party reasonably

JOHN E. and SHELLEY A. ERICKSON PRO-SE
5421 PEARL AVE S.E.
AUBURN WA. 98092
(206)255-6324  (206)255-6326
(253)939-9741
SHELLEYSTOTALBODYWORKS@COMCAST.NET

1  relies on the promise of another party, and because of the
2  reliance is injured or damaged. Estoppel is a legal doctrine at
3  common law, where a party is barred from claiming or denying an
4  argument on an equitable ground. Estoppel complements the
5  requirement of consideration in contract law.  In general,
6  estoppel protects an aggrieved party, if the counter- party
7  induced an expectation from the aggrieved party, and aggrieved
8  party reasonably relied on the expectation and would suffer
9  detriment if the expectation is not met.

10

11      Estoppel prohibit an individual or group from being harmed
12  as a result of another's deeds, statements or promises, when
13  later actions or statements contradict or undermine what was
14  originally  stated, promised, or inferred. I was told over the
15  phone on every phone call to the servicing agent that I owed a
16  balance over due on the loan.  And I told the person on the
17  phone I am in the middle of a modification loan and that debt
18  will be added to the end of the loan when my modification is
19  finalized. The party told me " I know I just am obligated to
20  tell you this.  I was never informed I would be put in
21  detrimental harm and forced into foreclosure.  I was never told
22  the payments would not be considered full payments.

23

24      There must be evidence to show that the representor
25  actually intended the victim to act on the representation or

AMENDED

COMPLAINT AND CAUSE OF ACTION

PAGE24

JOHN E. and SHELLEY A. ERICKSON PRO-SE
5421 PEARL AVE S.E.
AUBURN WA. 98092
(206)255-6324   (206)255-6326
(253)939-9741
SHELLEYSTOTALBODYWORKS@COMCAST.NET

promise, or . **EXHIBITS 1,& 5.**

- the victim must satisfy the court that it was reasonable for him or her to act on the relevant representation or promise, and what the victim did must either have been reasonable, or the victim did what the representor intended, and The victim would suffer a loss or detriment if the representor was allowed; to deny what was said or done—detriment is measured at the time when the representor proposes to deny the representation or withdraw the promise, not at the time when either was made, and in all the circumstances, the behavior of the representor is such that it would be unconscionable " to allow him or her to resile.

I was under the understanding the servicing company was understanding once I completed the trial modification payments I would receive my final modification. I was never told other wise. The servicing company has been purposely delaying the modification loan building up fees for paperwork and servicing. Now the servicing agent is pushing for a foreclosure to add more fees for their service that will be paid at foreclosing, that otherwise may not have been paid for a long time or never.   It is all a scam. procrastinating while using trickery to cause detrimental harm, by concealing information that my loan would be put in harms way while making trail modification payments.

PROMISARY ESTOPPEL:   The doctrine of promissory estoppel prevents one party from withdrawing a promise made to a second party if the latter has reasonably relied on that promise and acted upon it to their detriment. An unequivocal promise by words or conduct.  Evidence that there is a change in position of the promise as a result of the promise. **EXHIBITS#1& 5.**

JOHN E. and SHELLEY A. ERICKSON PRO-SE
5421 PEARL AVE S.E.
AUBURN WA. 98092
(206)255-6324  (206)255-6326
(253)939-9741
SHELLEYSTOTALBODYWORKS@COMCAST.NET

1   I have never allowed the mortgage to fall into danger of
2   foreclosure being enforced.  The Erickson's were not in danger
3   of default or repossession until the servicing agent directed
4   the Erickson's to make the modification payments, without
5   informing the Erickson's by making the modification payments the
6   Erickson's would be putting our home/mortgage in detrimental
7   harm. The servicing agent has put me in danger of being
8   foreclosed on any day, without notice until the Erickson's
9   home/mortgage was already in harms way./detriment.   The
10  modification plan used by the servicing company to set up the
11  Erickson's mortgage to go into default. **Consolidation Equity**
12  **Loan 2002 after Erickson's completed remodeling commericial**
13  **buliding. Exhibit**s D and E.
14
15  I requested this modification loan because my small
16  business has been effected by the slow economy, which caused me
17  to take out this loan to begin with, to save my mortgage again,
18  not to cause the mortgage to fall behind farther than it was.
19  I trusted this company to treat me fairly and I have been trying
20  for a year to work with this unfair, unscrupulous unconscionable
21  predatory servicing company and mortgage fraudster company.
22
23  These predatory unconscionable, deceptive servicing agents
24  have to be stopped from this trickery, and organized crime.
25  This cannot go on.  Massive people are hurting and they are
    heartlessly taking advantage of each and every one. Actually
    stealing their homes after causing a bubble burst by illegal

AMENDED

COMPLAINT AND CAUSE OF ACTION

PAGE26

JOHN E. and SHELLEY A. ERICKSON PRO-SE
5421 PEARL AVE S.E.
AUBURN WA. 98092
(206)255-6324   (206)255-6326
(253)939-9741
SHELLEYSTOTALBODYWORKS@COMCAST.NET

activity, causing global economic loss, putting millions of people and millions of home in detrimental harms way created by organized crime.

I in earnest paid the modification loan payments for six months, not knowing or being told in any way that by paying the modification payments, I was being time delayed, and falling behind in my payments which has put me in detrimental harms way and the threat of foreclosure.  I would have chosen to keep making the larger payments until the modification loan was finalized if I had been notified of the payments only being allowed to be considered as partial payments.

I have been requesting relief and help with a modification for months that could have helped me sooner.  This procrastination has harmed me. I believe this detrimental harm was the intent of the servicing company.  It is deceitful trickery, using concealment and fraudulent predatory servicing, WHILE MAKING A THOUSAND DOLLARS FOR EACH TIME THE SERVICING COMPANY REVIEWED THE LOAN DOCUMENTS, this incentive enabled by government promises to pay in advance for each loan reviewed, without the loan being closed. . Witnesses; customers of plaintiff's; Willie Winstead, Darcee Davis, Tara _____, Linda Hoffman, Jerra Kleigan, Debe Flower, will testify to the economic loss and their experience with Chase and more fraudster

AMENDED

COMPLAINT AND CAUSE OF ACTION

PAGE27

JOHN E. and SHELLEY A. ERICKSON PRO-SE
5421 PEARL AVE S.E.
AUBURN WA. 98092
(206)255-6324   (206)255-6326
(253)939-9741
SHELLEYSTOTALBODYWORKS@COMCAST.NET

lenders, and have knowledge of the over thirty years of my business. **EXHIBITS 16**; These organized criminal Fraudster's claim I never made my modification payments.

## VIII. I AM DISPUTING MY MORTGAGE:

Predatory lenders and predatory servicing companies cannot be allowed to put people in detrimental harms way.  The only way to stop this is to stop them.  The Erickson's did not understand my mortgage agreement.  The contract was not made clear to us. The Erickson's were tricked and mislead by the lenders.  Now the servicing agent is misleading us.  The lender has used unfair and discriminating interest rates and a predatory, unconscionable, deceptive lending contract with the Erickson's.

The Erickson's have tried to come to some fair terms and loan agreements with this lender and have been denied after being told we were approved for the modification loan.  Our bankruptcy attorney has told us to ignore every statement and phone call until she tells us it is time to file the bankruptcy, so we have ignored every such call, giving her the information and letters.  The plaintiff's tried working with the unscrupulous mortgage servicer for over a year and a half and then were defrauded.  There is no good just reason to expect any reasonable actions from organized criminals being the fraudster and co-conspirator defendants.

AMENDED

COMPLAINT AND CAUSE OF ACTION

PAGE28

JOHN E. and SHELLEY A. ERICKSON PRO-SE
5421 PEARL AVE S.E.
AUBURN WA. 98092
(206)255-6324   (206)255-6326
(253)939-9741
SHELLEYSTOTALBODYWORKS@COMCAST.NET

1

2   The Erickson's have been mislead at the closing day, to
3   discover the mortgage document we signed is not what we believed
4   to be signing or we would never have signed it.

5

6   The Erickson's are victims of a predatory lender, using
7   unfair, deceptive, and fraudulent practices during the loan
8   organizing process.  This loan imposes unfair and
9   abusive loan terms on us the borrowers. Now the servicing agent
10  is using deceptive and unfair and fraudulent practices of the
11  serving agents during the loan /mortgage servicing process, post
12  loan origination.   This is "the practice of a lender
13  deceptively convincing borrower to agree to unfair and abusive
14  loan terms, systematically violating those terms in ways that
15  make it difficult for the borrower to defend against.

16

17  This mortgage is unjustified risk-basing pricing. This is
18  the practice of charging more in the form of higher interest
19  rate and fees for extending credit to borrowers identified by
20  the lender as posing a greater credit risk. Higher interest
21  rates put the barrower in detrimental harms way.  The barrower
22  is tricked into believing the loan is a good thing, and find out
23  the mortgage is not what it seems and in fact is set up to
24  easily and even evitable go into foreclosure.  When if the party
25  had been fairly treated and not discriminated against the loan
    would not go into foreclosure. The Plaintiff's would not have


AMENDED

COMPLAINT AND CAUSE OF ACTION

PAGE29

JOHN E. and SHELLEY A. ERICKSON PRO-SE
5421 PEARL AVE S.E.
AUBURN WA. 98092
(206)255-6324   (206)255-6326
(253)939-9741
SHELLEYSTOTALBODYWORKS@COMCAST.NET

been in a situation to file for a new loan on their home if the
fraudsters and co-conspirators had not committed the hugest
organized crime in the history of the United States and caused
an economic crash, thus committing an economic crime, injuring
the plaintiff's business, by injuring vast amounts of the
plaintiffs clients incomes.

The Erickson's have answered every request to work out an
affordable modification loan with the lender. The lender failed
to present the loan price as being negotiable at the time of the
original loan. The lender failed to clearly and accurately
disclose the terms and conditions. <u>Until clearly realized we
were being duped in November 2009.</u>

The Erickson's are asking for proof of who owns the
mortgage. Has this mortgage become a securitization?  The letter
was sent over eight months ago, without answer.

## IX. THE ERICKSON'S ARE REQUESTING QUIET TITLE

The Erickson's are requesting OMINIBUS Motion to cancel the
mortgage-now! "By statute, assignment of the mortgage carries
with it the assignment of the debt…. Indeed, in the event that a
mortgage loan somehow separates interests of the note and the
deed of trust, with the deed of trust lying with some
independent entity, the mortgage may become unenforceable.  The

AMENDED

COMPLAINT AND CAUSE OF ACTION

PAGE30

JOHN E. and SHELLEY A. ERICKSON PRO-SE
5421 PEARL AVE S.E.
AUBURN WA. 98092
(206)255-6324   (206)255-6326
(253)939-9741
SHELLEYSTOTALBODYWORKS@COMCAST.NET

1
2
3 practical effect of splitting the deed of trust from the
4 promissory note is to make it impossible for the holder of the
5 note to foreclose, unless the holder of the deed of trust is the
6 agent of the holder of the note. Without the agency
7 relationship, the person holding only the note lacks the power
8 to foreclose in the event of default.  The person holding only
9 the deed of trust will never experience default because only the
10 holder of the note is entitled to payment of the underlying
11 obligation.   The mortgage loan becomes ineffectual when the
12 note holder did not also hold the deed of trust. The Erickson's
13 request quiet title proving of the mortgage being enforceable or
14 "cancel the mortgage now"!
15
16     In mortgage securitization transactions, the mortgage
17 servicer forwards the borrower's payment of principal and
18 interest to the certificate holders (investors) of
19 the special securitized trust that owns and holds the promissory
20 notes secured by the mortgages and deeds of trust.   The
21 mortgage servicer, however, is allowed to retain late fees, BPO
22 fees, inspection fees, and other fees charged or assessed to a
23 borrower's account. In addition to the fee income, the servicer
24 is allowed to retain the net liquidation proceeds of any
25 foreclosure sale (net after foreclosure expenses and principal
balance to investors.)

AMENDED

COMPLAINT AND CAUSE OF ACTION

PAGE31

JOHN E. and SHELLEY A. ERICKSON PRO-SE
5421 PEARL AVE S.E.
AUBURN WA. 98092
(206)255-6324   (206)255-6326
(253)939-9741
SHELLEYSTOTALBODYWORKS@COMCAST.NET

1
2
3      This provides an incentive to unscrupulous servicers who
4  aggressively interpret mortgage documents to add additional
5  fees, to a borrower's mortgage account.  Many times, the
6  additional fees added on create an event of default
7  allowing the mortgage servicer to foreclose on the property.
8
9      This practice is commonly referred to as manufacturing a
10  default or manufactured default.  The Erickson's believe the
11  servicing agent has indeed manufactured default on the
12  Erickson's.
13
14      **X. THIS IS CONSUMER FRAUD AND MORTGAGE DISCRIMINATION**
15
16      The Erickson's request action to quiet title to establish
17  the plaintiff's title to land by compelling the adverse claimant
18  to establish a claim or be forever estopped from asserting it:
19
20      This is predatory and unfair mortgage practice therefore
21  the Erickson's request the court to grant rendering this
22  securitized Mortgage unenforceable.  And to cancel the mortgage
23  now.
24
25      **XI. Fraudsters and Co-Conspirators**

      **WAMU, and Chase Bank are only two of the three and a half**

AMENDED

COMPLAINT AND CAUSE OF ACTION                    JOHN E. and SHELLEY A. ERICKSON PRO-SE
                                                      5421 PEARL AVE S.E.
PAGE32                                               AUBURN WA. 98092
                                                 (206)255-6324  (206)255-6326
                                                      (253)939-9741
                                              SHELLEYSTOTALBODYWORKS@COMCAST.NET

**pages of fraudsters and co-conspirators listed on**
**www.msfraud.org/fraudsterslist.hmtl.**
The economic crime is so vast it is considered the biggest
organized crime in the history of the United States. **EXHIBITS 8-**
**12.**

My husband and I have built this house with our bare hands,
no contractors in 1981, and have lived here all these years
paying taxes on the property all these years. We have done
everything possible to work with the lender to save our home.
We have paid the trial modification payments in good faith and
are being forced into protecting our home from unconscionable
predatory lenders and servicing agents and trustees. We pray the
courts will grant the motion of Ominibus relief, by Quiet Title,
if the parties are unable to produce proof of any legal rights.

We pray the courts will grant reliance Estoppel due to the
lenders and servicing agents causing detrimental harm and
committing mortgage servicing fraud to the Erickson's, covered
by the estoppel law.  The Erickson's acted on the word
and promises of the servicing agents that lead the Erickson's to
detrimental harm and putting the Erickson's home into
foreclosure status. The Erickson's are claiming the lenders,
servicers, agents, and mortgage companies, and trustee's have
performed predatory lending, and servicing, unconscionable acts,

AMENDED

COMPLAINT AND CAUSE OF ACTION

PAGE33

JOHN E. and SHELLEY A. ERICKSON PRO-SE
5421 PEARL AVE S.E.
AUBURN WA. 98092
(206)255-6324   (206)255-6326
(253)939-9741
SHELLEYSTOTALBODYWORKS@COMCAST.NET

deceptive, unfair mortgage discriminating, and consumer fraud, therefore Defendant's violating  the "mail fraud","wire fraud" and "RICO ACT".

The lenders did not clarified the documents to the Erickson's, concealing the true nature of these documents leading the Erickson's to repossession of our home,during both the time of the original signing of the mortgage and during the modification period.

The Erickson's are claiming the predatory servicer's have acted as officious intermeddler's with unclean hands and should receive no restitution for the benefit conferred, nor quantum meruit.

This is Unconstitutional, Unclean Hands: one of the maxims of equity embodying the principle that a party seeking redress in a court of equity (equitable relief) must not have done any dishonest or unethical act in the transaction upon which he or she maintains the action in equity, since a court of conscience will not grant relief to one guilty of unconscionable conduct, ie., to one with "unclean hands."

Unconstitutional conflicting with some provision of Constitution, most commonly the United State Constitution.   When

AMENDED

COMPLAINT AND CAUSE OF ACTION

PAGE34

JOHN E. and SHELLEY A. ERICKSON PRO-SE
5421 PEARL AVE S.E.
AUBURN WA. 98092
(206)255-6324  (206)255-6326
(253)939-9741
SHELLEYSTOTALBODYWORKS@COMCAST.NET

a statute is found to be unconstitutional, it is considered void
or as if it had never been, and consequently all rights,
contracts, or duties that depend on it are void.  Similarly, no
one can be punished for having refused obedience to the law once
it is found to be unconstitutional.

## XII. RESTITUTION DEMANDED

The plaintiff's request restitution of onehundred thousand
dollars plus, per year for injury to their business, beginning
2003, to date, then treble per law. See "RICO ACT" which
provides; In addition to criminal penalties, any person "injured
in his person or property "by reason of RICO violation may bring
civil action.   In civil action, a litigant may recover treble
damages, as well as attorney fees.    Plaintiff request
reasonable attorney fees for Pro Se work involved to file this
case.

## XIII. CONCLUSION

With respect for all the above reasons, Plaintiff's must
be granted their request for restitution and Ominibus Motion And
Quiet Title:

AMENDED

COMPLAINT AND CAUSE OF ACTION

PAGE35

JOHN E. and SHELLEY A. ERICKSON PRO-SE
5421 PEARL AVE S.E.
AUBURN WA. 98092
(206)255-6324   (206)255-6326
(253)939-9741
SHELLEYSTOTALBODYWORKS@COMCAST.NET

1

2

3 _John E Erickson_ (signature)

4 John E. Erickson Pro Se                    Dated September 10, 2010

5

6 _Shelley A. Erickson_ (signature)

7 Shelley A. Erickson Pro Se                 Dated September 10, 2010

8

9

10 5421 Pearl Ave S.E.

11 Auburn, Washington 98092

12 206-255-6324

13 206-255-6326

14 253-939-9741

15 E-mail Shelleystotalbodyworks@comcast.net

16

17 V.

18

19 Long Beach Mortgage Co.,

20 Washington Mutual Bank and Chase Bank, Agent for Deutsche Bank

21 National Trust, Servicing Agent for Chase Bank, Peter Ru

22 agent/loan broker for Long Beach; Loan No.0697646826.

23

24 Davis Wright Tremaine LLP              Higa Escrow/Carole M. Higa

25 Suite 2200 1201 Third Avenue           505 106th Ave N.E. Suite 210

Seattle, WA 98101-3045                 Bellevue, WA 98004


AMENDED

COMPLAINT AND CAUSE OF ACTION                 JOHN E. and SHELLEY A. ERICKSON PRO-SE
                                                   5421 PEARL AVE S.E.
PAGE36                                              AUBURN WA. 98092
                                              (206)255-6324   (206)255-6326
                                                   (253)939-9741
                                           SHELLEYSTOTALBODYWORKS@COMCAST.NET

Peter Ru/agent mortgage broker/

Escrow broker for Higa Escrow

Higa Escrow/Carole M. Higa

505 106th Ave N.E. Suite 210

Bellevue, WA 98004

### CERTIFICATE OF SERVICE

I declare under penalty of perjury that on September 14th,

2010, I caused a copy of the foregoing Amended Complaint and

*Cause of Action to be served upon the Plaintiffs by U.S.Mail:*

Long Beach Mortgage Co.,
*Washington Mutual Bank and Chase Bank, Agent for Deutsche Bank*
National Trust, Servicing Agent for Chase Bank, Peter Ru
agent/loan broker for Long Beach; Loan No.0697646826.

Davis Wright Tremaine LLP          Higa Escrow/Carole M. Higa

Suite 2200 1201 Third Avenue       1810 116th Ave N.E. Suite D-2
Seattle, WA 98101-3045             Bellevue, WA 98004-0000

Peter Ru/agent mortgage broker/

Escrow broker for Higa Escrow

Higa Escrow/Carole M. Higa

AMENDED
COMPLAINT AND CAUSE OF ACTION
PAGE37

JOHN E. and SHELLEY A. ERICKSON PRO-SE
5421 PEARL AVE S.E.
AUBURN WA. 98092
(206)255-6324   (206)255-6326
(253)939-9741
SHELLEYSTOTALBODYWORKS@COMCAST.NET

CERTIFICATE OF SERVICE

I declare under penalty of perjury that on September 11th,

2010, I caused a copy of the foregoing Amended Complaint and

Cause of Action to be served upon the Plaintiffs by U.S.Mail:

Long Beach Mortgage Co.,

Washington Mutual Bank and Chase Bank, Agent for Deutsche Bank

National Trust, Servicing Agent for Chase Bank, Peter Ru

agent/loan broker for Long Beach; Loan No.0697646826.

Davis Wright Tremaine LLP          Higa Escrow/Carole M. Higa

Suite 2200 1201 Third Avenue       1810 116th Ave N.E. Suite D-2

Seattle, WA 98101-3045             Bellevue, WA 98004-0000

Peter Ru/agent mortgage broker/

Escrow broker for Higa Escrow

Higa Escrow/Carole M. Higa

Suite 2200 1201 Third Avenue

Bellevue, WA 98004-0000

    DATED at Seattle, Washington this 11th day of September,

2010.

    Shelley A. Erickson

AMENDED

COMPLAINT AND CAUSE OF ACTION

PAGE38

JOHN E. and SHELLEY A. ERICKSON PRO-SE
5421 PEARL AVE S.E.
AUBURN WA. 98092
(206)255-6324  (206)255-6326
(253)939-9741
SHELLEYSTOTALBODYWORKS@COMCAST.NET