||||||||| |||| |||||| ||||||| ||||| ||||||| |||||||| |||| ||||

| |||||||| ||| |||||||||| |||| ||||||| ||| ||||

**10-CV-01423-REQ**



SUPERIOR COURT OF WASHINGTON, FOR KING COUNTY

JOHN E. ERICKSON and SHELLEY A.
ERICKSON, husband and wife;
Shelley's Total Bodyworks Day
Spa/Shelley's Suntan Parlor a
sole proprietorship

       Plaintiff, claimants

           Pro Se

  vs.

Long BEACH MORTGAGE Co, WAMU
BANK and CHASE BANK. Agent for
DEUTSCHE BANK NATL. TRUST.
Servicing agent for Chase Bank.
Loan no. 0697646826
HIGA ESCROW/CAROLE HIGA; PETER
RU AGENT/BROKER FOR LONG BEACH
MORTGAGE:

      Defendant

Case No.10-2-29165-2 KNT
   No. 2:10-cv-1423
SECOND SERVED
  AMENDED
  COMPLAINT AND CAUSE OF ACTION

    Amended complaint and cause of action pursuant (1) Subject
to subsection (2)and Rule 76.

SECOND SERVED AMENDED

COMPLAINT AND CAUSE OF ACTION

PAGE1

JOHN E. and SHELLEY A. ERICKSON PRO-SE
5421 PEARL AVE S.E.
AUBURN WA. 98092
(206)255-6324  (206)255-6326
(253)939-9741
SHELLEYSTOTALBODYWORKS@COMCAST.NET

1

## I. PARTIES

2

3      1. At all times and material hereto; We, the

4  Plaintiffs/Complainants, John E. and Shelley A. Erickson, a

5  married couple, resided in King County at 5421 Pearl Ave

6  S.E., Auburn, Washington, 98092 since 1981. Are over the age of

7  18 and competent. Plaintiff's own Shelley's Total Bodyworks Day

8  Spa/Shelley's Suntan Parlor, and Wakeup Beautiful International,

9  as sole proprietor business for thirty years in Auburn,

10 Washington. Plaintiffs are over the age of eighteen and are

11 competent, and are parties of interest.

12     2. The defendants and multiple employees/individuals part

13 of the defendants operations of business, believed to be and

14 therefore are alleged to be, residents of King County, State of

15 Washington and defendants represented the mortgage company Long

16 Beach Mortgage.  All of these defendants complained of herein

17 were done both and individually and for the benefit of the Long

18 Beach Mortgage Company. The documents were signed in Bellevue,

19 Washington; by Higa Escrow. Peter Ru agent/broker. The

20 defendant's have numerous, multiple banks and services inside

21 the state of Washington.

22

23

## II. CAUSE OF ACTION

24

25     **1. PlAINTIFF'S pursuant all the LAWS listed below IN THIS

**LAW SUIT claim cause of action for:** DEFENDANTS have egregiously

wrongfully harmed plaintiff's, caused Plaintiffs loss of home

equity, loss of properties, loss of income, caused financial

SECOND SERVED AMENDED

COMPLAINT AND CAUSE OF ACTION

PAGE2

JOHN E. and SHELLEY A. ERICKSON PRO-SE
5421 PEARL AVE S.E.
AUBURN WA. 98092
(206)255-6324  (206)255-6326
(253)939-9741
SHELLEYSTOTALBODYWORKS@COMCAST.NET

1  harm, economic harm, pain and suffering and emotional distress
2  VIOLATING BY; 1. **"Honest Services Doctrine";**
3
4      2. the "Economic Loss Rule"; Georgia's residential mortgage
5  fraud act. See: 33 18 U.S.C. §1961(1)(b), 34 18 U.S.C.§ 1962, 35U.S.C. 18 §
6  1964(c), 36 N.C.G.S. § 75-1.1. (a), 37jd. § 75-16, 75- 16.1.38Ga. Code § 16-8-
7  etse§,39jd.§ 16-8-102. See: e.g. Arizona S.B. 1221; Florida S.B. 240 &H.B. 349;
8  Minnesota S.F. 797 & H.F. 851, 797; Texas H.B..716c. See: 41 Sec e.g. S. Rep. No.
9  597, 63 Cong. 2d Sess. J at 8- 13(1914), HR Rep No. 1142, 63d. Cong, 2d Sess. j at
10 18-19(1914) (Conference Report). See: e.g. H.R. Rep. No. 1613. 75th Long. Lst Sess,
11 at 3(1937); 83 Cong. Rec. 392-406(1938). 43 Holloway v. Bristol-Myers Corp. 485
12 F. 2d 986, 997, (D. C. Cir 1973). See 18.235.110. AND 18. 85. 230. Guzman b.
13 Ocwen 17, 18 U.S.C.134.; 18 U.S.C. §1343.:
14     3.Defendant's are in violation of "Obstruction to private
15 entrepreneurs 44.1d. At 997-98, 45, John H. Beslner et al.
16 Class action "Corps Public Servants or Private Entrepreneurs?
17 57STAN.L.Rev.
18     4.Defendant's are subject to multiple laws for separate
19 breaches: Including all laws listed and RCW 9A.08.020 & RCW
20 9A.08.030: Tort applies here: Defendants breached an
21 "independent duty rule"; If a duty exists, then a party can
22 recover a damage award in tort based in tort. See e.g. Parr v.
23 Triple L & J Corp., 107 P. 3d 1104, 1108 (Colo. App. 2004.); 9.
24     5. Defendants have committed an egregious calamity of Tort
25 act upon the plaintiffs.: No. Carolina AUDAP STATUTE, CREATESS A
   PRIVATE CAUSE OF ACTION FOR "[UNFAIR METHODS OF COMPETITION IN
   OR AFFECTING COMMERCE,. Ad unfair deceptive acts, practice ninor
   affecting commerce. "36 The commission of such act that injures

JOHN E. and SHELLEY A. ERICKSON PRO-SE
5421 PEARL AVE S.E.
AUBURN WA. 98092
(206)255-6324  (206)255-6326
(253)939-9741
SHELLEYSTOTALBODYWORKS@COMCAST.NET

1   a person in a business may be punished by treble damages and
2   attorney fees.
3      6. Defendant's have committed "Intentional Tort" by breach
4   of "Honest Services" doctrine, "Tort" WAC 208-660-006:
5      7. Defendant's have breached, modern Competition law that
6   is subject **to statutory tort, called 'anti-trust laws**
7      8 Truth in Lending Act, Section 102, 15 U.S.C. Section
8   1601. Griggs v. Provident Consumer Discount Co. 680 F.2d
9   927,Certiorari granted, vacated 103 S. Ct. 400, 459 U.S. 56, 74
10  L.Ed,2d 225, on remand 699 F,2d 642.
11      9. Defendants have breached TILA: Purpose of Truth in
12  Lending Act is for customers to able to make informed decisions.
13  Truth in lending Act Section 102 et seq., 15 U.S.C. Section 1601
14  et seq. Brophv v. Chase Manhattan Mortgage Co, 947 F. Supp 879.
15  Truth in Lending Act, Sections 102 et seq, 102(a), 105 as
16  amended, 15 U.S.C. Sections 1601(a), 1604; Truth in lending
17  regulations, Regulation Z, Sections 226. 1 et seq., 226. 18, 15
18  U.S.C. Section 1700, Basile v. H&R Block. Jlt (L. 897 F. Supp.
19  194.
20      10. Defendants have violations of the "Honest Services" doctrine, by mail
21  fraud and wire fraud; "Honest services Fraud."18 U.S.C.1346.
22      11. All the above defendants have a "continuity plus relationship". . All
23  defendants are public entities, private entities and governmental agencies, and
24  legal entity that can constitute RICO enterprises.(95)(97)(98)(99). AN [e]nterprise
25  is a Structure of relationships among individuals or entitites."(116). Reves does not
      preclude professional, such as lawyers and accountants, from being subject to RICO
      liability. (176)(177);(178).(182).

SECOND SERVED AMENDED

COMPLAINT AND CAUSE OF ACTION

PAGE4

JOHN E. and SHELLEY A. ERICKSON PRO-SE
5421 PEARL AVE S.E.
AUBURN WA. 98092
(206)255-6324 (206)255-6326
(253)939-9741
SHELLEYSTOTALBODYWORKS@COMCAST.NET

**12. Defendant's are subject to RCW 9A.08.020 & RCW 9A. 08.030:**

13. Defendant's conspired by multiple individuals inside the state of Washington who are entities in "in a continuity plus relationship";   Defendants are public entities, private entities and governmental agencies, and legal entity that can constitute RICO enterprises.(95)(97)(98)(99).  AN [e]nterprise is a Structure of relationships among individuals or entitites."(116). Conspiracy and Honest Services Fraud Persuant Section RICO ;1962(d) (183)©;(188);(D);(189);(193)

14. Erie Doctrine: The U.S. Supreme Court determined in Erie Railroad Co. v. Tompkins (1983) that the law to be applied in a diversity case would be the law of whatever state in which the action was filed. "laws' in 28 U. S. C. 198, known as the Rules of Decision Act. Gaperini v. Center for Humanities.  The REA, 28 U.S.C. 2072(b), provides that the Rules  **[will not]** affect the substantive rights of the parties.

15. Plaintiff's  rights to file this case are protected by 18 U.S.C. §1964©&(d).  (201). Agency Holding Corp. v. Malley-Duff & Assoc. Inc.  (199).(200).(203).(207). The Supreme Court has established abstention doctrines requiring that a federal court with proper jurisdiction over the subject matter of a dispute should nevertheless stay its hand" in order to promote an overriding policy, such as the maintenance of a particular relationship between the national government and the states(230)(231)&(232).

SECOND SERVED AMENDED
COMPLAINT AND CAUSE OF ACTION
PAGE5

JOHN E. and SHELLEY A. ERICKSON PRO-SE
5421 PEARL AVE S.E.
AUBURN WA. 98092
(206)255-6324   (206)255-6326
(253)939-9741
SHELLEYSTOTALBODYWORKS@COMCAST.NET

16. Plaintiff's are entitled per: **The duty of the United States in a tort action is defined in accordance with the law of the state where the negligence occurred. Richards v. United States, 369 U.S.1 (1962).** (Negligence occurred in Oklahoma, aircraft crashed in Missouri):

17. Plaintiff's are entitled pursuant RICO **Pursuant Rule RICO** (14)(15)(16)(22)(23)OR D (24)(25). 28 U.S.C. **§1331;** 18 U.S.C. **§1964©&(d)** Multiple violations by multiple individuals Pursuant RCW 9.91.010.

18. Plaintiff's are entitled due process(292). **Defendants** committing "Honest Services Fraud"; 18U.S.C. 1346; Violating the "Honest services " doctrine, &" Conspiracy Act" and fraud.1962(d); by mortgage fraud & Mortgage servicing fraud upon the Erickson's..

19. Defendants' violated MULTIPLE ESTOPPEL LAW INCLUDING; promisary Estoppel. 18U.S.C.1956-57, U.S.C.A.1956, prohibits money laundering. [Cases :United States v,34 C. J. S. United States §§ 162-163.]. 18 U.S.C.A. **§ 1956, however has provisions under**

20. Plaintiffs are entitled to 18 U.S.C. § 1956-1957 in a civil action: Defendant's have breached the "Reliance Estoppel laws", Equitable Estoppel, Estoppel by Representation, 4th editin, 2004 at para I.2.2, Spencer Bower ;See Halsbury's Laws of England, Vol 16(2), 2003,); committing mortgage servicing fraud, breaching the "Honest Services." By making a agreement with the Erickson's, that intentionally mislead the plaintiff's into fore

SECOND SERVED AMENDED
COMPLAINT AND CAUSE OF ACTION
PAGE6

JOHN E. and SHELLEY A. ERICKSON PRO-SE
5421 PEARL AVE S.E.
AUBURN WA. 98092
(206)255-6324  (206)255-6326
(253)939-9741
SHELLEYSTOTALBODYWORKS@COMCAST.NET

1  closer. Michael Spence, Protecting Reliance: The Emergent
2  Doctrine of equitable Estoppel, Oxford: 1999, pp60-66):

5      21. Plaintiffs are protected by 18 U.S.C. §1964, which provides for civil

7  remedies for Racketeer influenced and Corrupt Organizations (RICO) violations;

8  And 18 U.S.C. §1503, which prohibits the obstruction of justice and "Honest

9  Services Doctrine." Conspiracy and Honest Services Fraud ; Persuant Section RICO

10
11 :1962(d) (183)©;(188);(D);(189);(193); and are subject to RCW 9A.08.030 & are liable

12 for RCW 9A./ 08.020: .

14     22. Defendant's have violated the Truth and Lending Acts:

16     Truth & Lending Act, Section 102 et seq, 15 U.S.C. Section
17 10601 et seq. Quino v. A-I Credit Com. 635 F. Supp. 151; Truth
18 in Lending Regulations, Regulation Z, Section 226.6(c), 15
19 U.S.C. following section 1700;Truth in Lending Act Section
20 130(a,e), Is U.S.C. Section 1640 (a,e). In Re Steinbrecher. 110
21 BR. 1556, 116 A.L.R. Fed.881; Truth in Lending Act Section 102
22 et seq; Truth in Lending Regulations, Regulation Z, Section
23 226.1 et seq,. 15 U.S.C. Section 1700.  Truth in Lending Act,
24 Sections 102-186, as amended, 15 U.S.C. Section 1601-
25 1667(e);Truth in Lending Regulations, Regulation Z, Section
226,8(b-d, 15 U.S.C. Section 1700 Soils v. Fidelity Consumer
Discount Col. 58 B.R. 983; Plaintiff's qualify for protection of
Truth in Lending Act [15 U.S.C. Section 1601 et seq.]

JOHN E. and SHELLEY A. ERICKSON PRO-SE
5421 PEARL AVE S.E.
AUBURN WA. 98092
(206)255-6324  (206)255-6326
(253)939-9741
SHELLEYSTOTALBODYWORKS@COMCAST.NET

23. Plaintiffs have a real interest in the subject matter :
With some real interest in the subject matter. Civ.R. 17 only
applies if the action is commenced by one who is sui juris or
the proper party to bring the action. " Travelers Indemn. Co.
v. R. L. Smith Co (Apr. 13. 2001.) 11th Dist. No. 2000-L-014. "
Wells Fargo Bank, N .A. v, /Byrd. 178 Ohio App. 3d 285, 2008-
Ohio-4603, 897 N.E. 2d 722.

24. Defendant's have violated  Obstruction to Private Entrepreneurs; 44. Ld.
At 997-98, 45;  John H. Beslner e al. Class action "Corps Public Servants or Private
Entrepreneurs? 57 STAN L. Rev 1441. (2005.) and have violated due process of the
law. And interstate commerce

25.  Defendant's committing as predicate crimes, a conspiracy to commit a
"pattern of Racketeering activity consecutively dated from January 2007 to todays
date; ."18 U.S.C. §1962(a)(b),(c) &(d).18 USC §1961(1)

26.  Defendants committing "Honest Services Fraud"; 18U.S.C. 1346;
Violating the "Honest services " Doctrine,  and the  "Conspiracy Act" and
fraud.1962(d), Pursuant RCW 9.91.010 &18 U.S.C §1964©&(d).RCW
9A.08.030 & RCW 9A. 08.020:

27. Defendants have violated "Mortgage Fraud", Mortgage
servicing Fraud, predatory lending fraud, "[u]nfair methods of
competition in or affecting commerce,. Ad unfair deceptive acts,
practice ninor affecting commerce. "violations of Mortgage fraud

JOHN E. and SHELLEY A. ERICKSON PRO-SE
5421 PEARL AVE S.E.
AUBURN WA. 98092
(206)255-6324   (206)255-6326
(253)939-9741
SHELLEYSTOTALBODYWORKS@COMCAST.NET

statutes, violation of federal mail and wire statutes 33&34.
"Wire Fraud", and " Mail Fraud", violations of the "RICO ACT"
engaging in a pattern of "Racketeering influenced and corruption
organized (RICO): 18 U.S.C. §1964.:18 U.SC. §1503, AD 18 U.SC. §1503,
which prohibits obstruction of justice, ad 18 U.S.C. §1956-57, which prohibits money
laundering.: (18 U.S.C. §1964,; United States v. Dementz, 2007 WL. 708975(11th
Cir. Mar. 8, 2007)(18U.S.C. §1956, 1957); (18 U.S.C. §1342);  U.S.C. §408(a)(7), (18
U.S.C. §1028), and are subject to RCW 9A. 08.020 &RCW 9A. 08.030..

28. Defendant's violate the "Money Laundering Act".18
U.S.C. §1956-1957. See South Star Fundry LLC v. Supreme Sprouse, 200 WL
812174 (W.D.N.C. Mar. 13, 2007)(18 U.S.C. § 1964), United States v. Dementz, 2007
WL 708975(11th Cir. Mar. 8, 2007)(18 U.S.C. §1956, 1957); United States v.
Soehnge, 2007 WL 4213 (10th Cir. Jan, 2, 2007)(18 U.S.C. § 1342); United States v.
DeAngelis, 2006 WL 3082674 (11th Cir. Oct 31, 2006) 18 U.S.C. § 1001); United
States v. Havens, 424 F. 3d 535(7 Cir. 2005); (42 U.S.C. § 408(a)(7), United States v.
Lgeir, 2002 WL 31429868(3rd Cir. 2002) (18
U.S.C. § 1028

29. Defendants have violated all the above by mail and
wire, violating the "mail Fraud" and "Wire Fraud" act
18.U.S.C.§1341 AND 18 U.S.C.§1343

## CLAIMS

**1. Defendants have breach their duty of "Honest Services
Doctrine" to plaintiff's and multiple mortgages loans inside the
state of Washington, causing economic harm to plaintiff's and
damages.**

**2. Defendants have damaged the property they are under
contract with the Erickson's, that is the subject of the**

SECOND SERVED AMENDED
COMPLAINT AND CAUSE OF ACTION
PAGE9

JOHN E. and SHELLEY A. ERICKSON PRO-SE
5421 PEARL AVE S.E.
AUBURN WA. 98092
(206)255-6324   (206)255-6326
(253)939-9741
SHELLEYSTOTALBODYWORKS@COMCAST.NET

1    **contract by cause of economic loss, by damages causing equity**
2    **loss.**
3         **3. Defendants have harmed and damaged additional properties**
4    **owned by the plaintiff's not under contract between the**
5    **defendants and plaintiff's, including their small businesses'**
6    **including personally hurting their clients and putting**
7    **plaintiff's clients in harms way, directly and indirectly caused**
8    **by defendant's.**
9         **4.** DEFENDANTS'/tortfeasor's have vicarious and tortious
10   liability, for cause of egregious wrongful intent, and
11   negligence, intentional tort, and strict liability tort;
12   violated the following laws: "Tort" WAC 208-660-006, the
13   "Economic Loss Rule ' damages by misrepresentation, and
14   breaching duty of the "Honest services Doctrine", causing
15   economic harm to plaintiffs, by causing economic harm to the
16   entire economy of the State of Washington, loss of property
17   equity, loss of additional properties equity loss and flat out
18   loss of ownership of properties not under contract to
19   defendants, owned by plaintiffs, damages caused by mental
20   stress, obstruction to Entrepreneurs', loss in of other property
21   intended to expand plaintiff's business, by way of the mail and
22   wire violating the mail fraud act and wire fraud act, RICO Act,
23   &laws listed below: See Flagstaff affordable Housing Ltd.
24   Partnership v. Design Alliance, Inc., 212 P.3d 125(Ariz. App.
25   Div. 1 2009(economic loss rule did not bar professional
     negligence claim against architect due to architects independent
     duty of care).  Defendant's have committed this tort for

SECOND SERVED AMENDED
COMPLAINT AND CAUSE OF ACTION
PAGE10

JOHN E. and SHELLEY A. ERICKSON PRO-SE
5421 PEARL AVE S.E.
AUBURN WA. 98092
(206)255-6324  (206)255-6326
(253)939-9741
SHELLEYSTOTALBODYWORKS@COMCAST.NET

1 economic advantages from signed predatory, misleading
2 agreements/written contracts by breach of duty.
3     5. Tortfeasr's/defendant's are subject to injuries, caused
4 by denying plaintiff's freedom from emotional stress, by
5 intentional  infliction of emotional distress. Tortious manner
6 is to harm another's rights, body, property or other rights.
7
8     6. Tort applies here: Defendants breached an "independent
9 duty rule" to all parties including the Erickson's as citizens
10 of the State of Washington, inside the State of Washington per
11 the "Honest Services Doctrine" Act, with each and every mortgage
12 contract inside the State of Washington causing a massive
13 calamity of economic loss inside the State of Washington, that
14 effected and caused Plaintiffs small business losses and
15 multiple property losses, and every party signing a predatory
16 loan, that include multiple customers of the Erickson's small
17 business. If a duty exists, then a party can recover a damage
18 award in tort based in tort.  See e.g. Parr v. Triple L & J
19 Corp., 107 P. 3d 1104, 1108 (Colo. App. 2004.) If a duty has
20 been breached that is independent of any contractual
21 obligations, the economic loss rule has no application and does
22 not bar a plaintiff's tort claims because such claims fall out
23 side the scope of the rule.
24     7. Defendants are guilty of each and both economic loss,
25 and separately including tort law. 9. Defendants have committed
an egregious calamity of Tort act upon the plaintiffs.: No.
Carolina AUDAP STATUTE, CREATESS A PRIVATE CAUSE OF ACTION FOR
"[UNFAIR METHODS OF COMPETITION IN OR AFFECTING COMMERCE,. Ad

SECOND SERVED AMENDED

COMPLAINT AND CAUSE OF ACTION

PAGE11

JOHN E. and SHELLEY A. ERICKSON PRO-SE
5421 PEARL AVE S.E.
AUBURN WA. 98092
(206)255-6324   (206)255-6326
(253)939-9741
SHELLEYSTOTALBODYWORKS@COMCAST.NET

1  unfair deceptive acts, practice ninor affecting commerce. "36
2  The commission of such act that injures a person in a business
3  may be punished by treble damages and attorney fees.
4      8.   Defendant's caused economic tort, interfering with
5  plaintiff's trade and business and multiple clients of
6  plaintiffs business, which includes the doctrine of restraint of
7  trade, caused by misrepresentation and breach of "Honest
8  Services Doctrine". See Hedley Byrne v. Heller in 1964; a victim
9  of negligent misstatement may recover damages for pure economic
10 loss caused by detrimental reliance on the statement that
11 applies to both the mortgage fraud including the modification
12 loan fraud. **[Misrepresentation is a tort as confirmed by Bridge**
13 **LJ in Howard Marine and Dredging Co. Ltd. V. A. Ogden & Sons.]**
14     9. Defendant's have breached, modern Competition law that
15 is subject **to statutory tort, called 'anti-trust laws.** Article
16 101 and 102 of the treaty on the Functioning of the European
17 Union, as well as the Clayton and Sherman Acts in the U.S.,
18 which create duties for undertakings, corporations and
19 businesses not to distort competition in the marketplace
20 including the abuse of market power by monopolist (rich business
21 owners)or the substantial lessening of competition through a
22 merger, **takeover, acquisition or concentration of enterprisers.**
23     10. Defendants egregiously breached contractual obligation
24 to the plaintiffs, and multiple customers of the plaintiffs,
25 causing economic chaos, including intangible economic interest,
   both  violating "Honest services Doctrine" by violating all the
   TILA ACTS LISTED BELOW: Truth in Lending Act was passed to

SECOND SERVED AMENDED
COMPLAINT AND CAUSE OF ACTION
PAGE12

JOHN E. and SHELLEY A. ERICKSON PRO-SE
5421 PEARL AVE S.E.
AUBURN WA. 98092
(206)255-6324  (206)255-6326
(253)939-9741
SHELLEYSTOTALBODYWORKS@COMCAST.NET

1  prevent unsophisticated consumer from being misled as to total
2  cost of financing.

### III. SUBJECT MATTER JURISDICTION

Plaintiffs/Complainant's reallege each and every allegation contained in paragraph 1. through herein: <u>Tortfeasor</u>, is someone who harms another's rights, body, property or other rights, freedom of movements, including liberties within their sovereign state.

1. PER: **The duty of the United States in a tort action is defined in accordance with the law of the state where the negligence occurred. Richards v. United States, 369 U.S.1 (1962). (Negligence occurred in Oklahoma, aircraft crashed in Missouri):** At the time of commencing this tort action at the above location, the defendants in the original signing of the documents were represented by and also were representing Higa Escrow, Long Beach Mortgage/WAMU now Chase Bank branch in Bellevue, Washington, County of King, State of Washington.  Now claiming the Deutsch Bank National Trust being the investor.

2. The Erickson's including multiple families have been mislead to signed one tortuous predatory mortgage after the other with the listed multiple defendants, at multiple locations through out the State of Washington including the list of predatory fraudster's exhibit 4, conspired by multiple individuals inside the state of Washington who are entities in "in a continuity plus relationship";  **Defendants are public entities,**

JOHN E. and SHELLEY A. ERICKSON PRO-SE
5421 PEARL AVE S.E.
AUBURN WA. 98092
(206)255-6324  (206)255-6326
(253)939-9741
SHELLEYSTOTALBODYWORKS@COMCAST.NET

1   **private entities and governmental agencies, and legal entity that can constitute**

2   **RICO enterprises.(95)(97)(98)(99).  AN [e]nterprise is a Structure of relationships**

3
4   **among individuals or entitites."(116). Conspiracy and Honest Services Fraud**

5   **Persuant Section RICO ;1962(d) (183)©;(188);(D);(189);(193)**

6

7   ,committing "Honest Services fraud, and violating the honest

8   services act by mail and wire, violating the mail fraud act and

9   wire fraud act and RICO ACT, committing a tort act against

10  plaintiffs, personally and their small business Shelleys Suntan

11  Parlor and Shelleys Total Bodyworks Day Spa , and  Wake up

12  Beautiful, international, permanent make-up business.  The

13  tortuous harm was committed to plaintiffs inside the boundaries

14  of the state of Washington, including clients, children, and

15  relatives of the Erickson's inside the State of Washington, by

16  multiple individuals, representing Long Beach Mortgage and WAMU

17  AND CHASE BANK AND DEUTSCH BANK, TRUST, AND SERVINCING AGENT FOR

18  CHASE BANK, HIGA ESCROW AND MORTGAGE BROKER PETER RU.

19      3. The tortuous harm to multiple families and business and

20  economic harm was committed inside the State of Washington, and

21  has created economic harm to massive, multiple families that

22  reside inside the State of Washington.

23      4. Plaintiffs signed the predatory mortgage in Bellevue

24  Washington at Higa Escrow, located in Bellvue Washington, and

25  Carole Higa who signed the documents resides in the State of

Washington.

   5. Multiple families have had mortgage service fraud

committed upon them and so have the Erickson's/plaintiff's,

SECOND SERVED AMENDED

COMPLAINT AND CAUSE OF ACTION

PAGE14

JOHN E. and SHELLEY A. ERICKSON PRO-SE
5421 PEARL AVE S.E.
AUBURN WA. 98092
(206)255-6324  (206)255-6326
(253)939-9741
SHELLEYSTOTALBODYWORKS@COMCAST.NET

1  causing personal loss, economic loss, with mortgage fraud
2  servicing companies conspiring, and organizing economic ciaos
3  and crime, by wire and mail, "Honest Services" fraud, causing
4  harm to the Erickson's and  their several properties and
5  business, clients, and multiple in the thousands of Washington
6  residents.
7      6. The federal courts have a statistic of a 73 percent
8  defendant win rate, claimed by two different studies to be
9  caused by political influence over judges and jurors, claimed to
10 be caused by big corporations running the economy. Therefore the
11 federal court is proven to be partial to defendants and big
12 corporations and have no jurisdiction if partiality is involved.
13 This has caused a vicious battle between plaintiff's and
14 defendants' that normally would not have been expected to
15 happen, because defendants are fully aware of the federal courts
16 being partial to them, this alone disqualifies the defendants
17 notice of removal from state court to federal court, by law. And
18 looks like an attempt to manipulate the court and even to commit fraud upon the
19 court.
20     7. The  majority of Judges in the Federal Court do not swear to the
21 constitution and therefore do no believe in  upholding constitutional law.
22     8. Erie Doctrine: The U.S. Supreme Court determined in Erie Railroad Co. v.
23 Tompkins (1983) that the law to be applied in a diversity case would be the law of
24 whatever state in which the action was filed. "laws' in 28 U. S. C. 198, known as
25 the Rules of Decision Act. Gaperini v. Center for Humanities. The REA, 28 U.S.C.
   2072(b), provides that the Rules  [will not] affect the substantive rights of the
   parties. The sovereign liberties of the plaintiffs rights are affected here , that have
   subject matter jurisdiction. Misrepresentation is a tort and tort actions are to be

JOHN E. and SHELLEY A. ERICKSON PRO-SE
5421 PEARL AVE S.E.
AUBURN WA. 98092
(206)255-6324  (206)255-6326
(253)939-9741
SHELLEYSTOTALBODYWORKS@COMCAST.NET

1  <u>tried inside the boundaries of the plaintiffs sovereign state.  **Agents representing**</u>
2  **<u>the lenders, who committed the tort act are individuals residing in the state of</u>**
3  **<u>Washington, owning individual private business inside the state of Washington.</u>**

4      9. Plaintiff's  rights to file this case are protected by
5  18 U.S.C. §1964©&(d). Statute of limitations for RICO civil
6  action is four years from the last date of the last act. The
7  first act was January 2007(201). Agency Holding Corp. v. Malley-
8  Duff & Assoc. Inc. (199).(200).(203).(207). The Supreme Court
9  has established abstention doctrines requiring that a federal
10 court with proper jurisdiction over the subject matter of a
11 dispute should nevertheless stay its hand" in order to promote
12 an overriding policy, such as the maintenance of a particular
13 relationship between the national government and the
14 states(230)(231)&(232). " Honest services fraud" has an eight
15 year statute of limitations.

16      10. AUTHORITES "A judge is an officer of the court, as well as is all attorneys.
17    A state judge is a state judicial officer, paid by the State to act impartially and
18    lawfully. A federal judge is a federal judicial officer, paid by the federal government
19      to act impartial and lawfully.   State and federal attorneys fall into the same
20                general category and must meet the same requirements.

21         A judge is not the court. **People v. Zajic, 88 Ill. App. 3d 477, 410 N.E.2d.**
22  **626 (1980).** In part the officers of the court asking for remand to federal court are
23  acting partial to the defendants to evade prosecution and the proper jurisdiction, to
24  change the machinery of the court and to commit **"Fraud upon the Court"**
25  **defined by the 7th Circuit Court of Appeals to "embrace that species of**
    **fraud which does, or attempts to, defile the court itself, or is a fraud**
    **perpetrated by officers of the court so that the judicial machinery cannot**
    **perform in the usual manner its impartial task of adjudging cases that are**

SECOND SERVED AMENDED

COMPLAINT AND CAUSE OF ACTION                    JOHN E. and SHELLEY A. ERICKSON PRO-SE
                                                        5421 PEARL AVE S.E.
PAGE16                                                  AUBURN WA. 98092
                                                   (206)255-6324  (206)255-6326
                                                        (253)939-9741
                                             SHELLEYSTOTALBODYWORKS@COMCAST.NET

presented for adjudication. "Kenner v. D.I.R., 387 F.3d 689 (1968); 7 Moore's Federal Practice, 2ded. p. 512, ¶

11. The federal government has no more authority to invade that field than the state has to invade the exclusive field of national governmental powers; for, in the oft-repeated words of this court in Texas v. White, 7 Wall. 700, 725, 'the preservation of the States, and the maintenance of their governments, are as much within the design and care of the Constitution as the preservation of the Union and the maintenance of the National government.

12. 'The necessity of preserving each from every form of illegitimate intrusion judicial power is properly invoked, to view with a careful and discriminating eye any legislation challenged as constituting such an intrusion or interference. See South Carolina v. United States, 199 U.S. 437, 448, 26 Ct. 110, 4 Ann. Cas. 737." [Steward machine Co. v. Davis, 301 U.S.548 (1937)]

13. Federal law requires the automatic disqualification of a Federal judge under certain circumstances.   Courts have repeatedly held that positive proof of the partiality of a judge is not a requirement, only the appearance of partiality. Liljeberg v. Health services Acquisition Corp., 486 U.S. 847, 108 S.Ct. 2194 (1988). 60.23.   Whenever any officer of the court commits fraud during a proceeding in the court, he/she is engaged in "fraud upon the court"...Bulloch v. United States, 763 F.2d 1115, 1121 (10th Cir. 1985),

14.  The court stated "Fraud upon the court is fraud which is directed to the judicial machinery itself and is not fraud between the parties or fraudulent documents, false statements or perjury. ...It is where the court or a member is corrupted or influenced or influence is attempted or where the judge has not performed his judicial function----thus where the impartial functions of the court have been directly corrupted. **This is a crime deemed so severe and fundamentally opposed to the operation of justice that it is not subject to**

JOHN E. and SHELLEY A. ERICKSON PRO-SE
5421 PEARL AVE S.E.
AUBURN WA. 98092
(206)255-6324  (206)255-6326
(253)939-9741
SHELLEYSTOTALBODYWORKS@COMCAST.NET

1    **any statute of limitation.** There is no time limit on an independent action

2    claiming fraud upon the court. "Federal Rules of Civil Procedure 60(b)-Substantive

3    Error. FRCP 60b (4)

4        15.  "The lack of subject matter jurisdiction may properly be raised for the

5    first time at the appellate stage." Rodriguez v. State, 441 So.2d 1129, 1135 (Fla. 3d

6    DCA 1983).  **"But when a judge knows that he lacks jurisdiction, or acts in**

7    **the face of clearly valid statutes or case law expressly depriving him of**

8    **jurisdiction, judicial immunity is lost.  See Bradley v. Fisher. 80 U.S. (13**

9    **Wall.) at 351 ("when the want of jurisdiction is known to the judge, no**

10   **excuse is permissible"); Turner v. Raynes, 611 F.2d 92, 95 (5th Cir. 1980)**

11   Stump is consistent with the view that "a clearly inordinate exercise of unconfirmed

12   jurisdiction by a judge-one so crass as to establish that he embarked on it either

13   knowingly or recklessly-subjects him to personal liability")." [Rankin v. Howard,

14   633 F.2d 844 ()1980)]  **"When it clearly appears that the court lacks**

15   **jurisdiction, the court has no authority to reach the merits.  In such a**

16   **situation the action should be dismissed for want of jurisdiction." [Melo v.**

17   **US, 505 F2d 1026 (8th Cir, 1974)]**

18       16.  **"No judgment of a court is due process of law, if rendered**

19   **without jurisdiction in the court, or without notice to the party. 'Scott v.**

20   **McNeal,** 154 U.S. 34,46, 38 S. S. ed. 896, 901, 14 Sup. Ct Rep. 1108.  **No state can,**

21   **by any tribunal or representative, render nugatory a provision of the**

22   **supreme law.  And if the conclusiveness of a judgment of decree in a court**

23   **of one state is questioned in a court of another government, Federal or**

24   **state, it is open, under proper averments, to inquire whether the court**

25   **rendering the decree or judgment had Jurisdiction to render it." [Old**

Wayne Mut. L. Assoc. v. McDonough, 204 U.S. 8, 27 S. Ct. 236 (1907)]

SECOND SERVED AMENDED

COMPLAINT AND CAUSE OF ACTION

PAGE18

JOHN E. and SHELLEY A. ERICKSON PRO-SE
5421 PEARL AVE S.E.
AUBURN WA. 98092
(206)255-6324  (206)255-6326
(253)939-9741
SHELLEYSTOTALBODYWORKS@COMCAST.NET

17. "Where there is no jurisdiction over the subject matter, there is as well, no discretion to ignore that lack of jurisdiction. See F.R. Civ.P. 12(h)(3), supra note 1." [Joyce v. U.S., 474 F. 2D 215 (3rd Cir. 1973)]

**"Rule 12(h) (3) of the Federal Rules of Civil Procedure provides that "whenever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action." A court lacking jurisdiction cannot render judgment but must dismiss the cause at any stage of the proceedings in which it becomes apparent that jurisdiction is lacking. Bradbury v. Dennis, 310 F.2d 73 (10th Cir. 1962), cert. denied, 372 U.S. 928, 83 S. Ct. 874, 9 L. Ed. 2d 733 (1963).**

18. The party invoking the jurisdiction of the court has the duty to establish that federal jurisdiction does exist, Wilshire Oil Co. of Texas v. Riffe, 409 F.2d 1277(10th Cir. 1969), **Thus, the party** invoking the federal court's jurisdiction bears the burden of proof. Becker v. Angle, 165 F.2d 140 (10th Cir. 1947). **[World-Wide Volkwagen Corp. v. Woodson, 444 U.S. 286 (1980)]**

19. The Federal Court is aware of the Federal jurisdiction being outside the boundaries of the State of Washington Court and the Federal Court is aware the State of Washington is a sovereign state with its own boundaries and the Federal Court does not have the jurisdiction to accept moving the Petitioners case outside the boundaries of the State of Washington and into their jurisdiction.

**20. Since the courts of the United States are courts of limited jurisdiction, there is a presumption against its existence. City of Lawton Okla. V. Chapman,** 257 F...2d 601 (10th Cur, 1958). "

**21. United State v. Dunningan,** 507 UlS. 87, 94(1993). The foundation of our republican form of government is the notion of "separation of powers". In the legal field, this is called "the separation of powers doctrine". The U.S. Supreme Court confirmed the purpose of the separation of powers doctrine in the case of U.S. v. Lopez, 514 U.S. 549 (1995):

JOHN E. and SHELLEY A. ERICKSON PRO-SE
5421 PEARL AVE S.E.
AUBURN WA. 98092
(206)255-6324   (206)255-6326
(253)939-9741
SHELLEYSTOTALBODYWORKS@COMCAST.NET

22. **The duty of the United States in a tort action is defined in accordance with the law of the state where the negligence occurred. Richards v. United States**, 369 U.S.1 (1962). The defendants have commited a wrongdoer tort against the Erickson. (Tort action occurred inside the State of Washington; Washington State law protects my civil rights ; RCW 9.91.010 is a Washington State.  Plaintiff's liberties will be restricted by the judges, by  removing plaintiff's case. **Over the years this Court has repeatedly held that the federal courts are without power to entertain claims otherwise within their jurisdiction if they are "so attenuated and unsubstantial as to be absolutely devoid of merit, " Newburyport Water Co. v. Newburyport, 193 U.S. 561, 579 (1904)** jurisdiction cannot render judgment but must dismiss the cause at any stage of the proceedings in which it becomes apparent that jurisdiction is lacking. **Bradbury v. Dennis, 310** F.2d 73 (10th Cir. 1962.) cert. denied. , 372, U.S. 928, 83 S. Ct. 874, 9 L. Ed. 2d 733 (1963).

23. The jurisdiction of this court is invoked pursuant RICO Pursuant Rule RICO (14)(15)(16)(22)(23)OR D (24)(25). 28 U.S.C. §1331; 18 U.S.C. §1964©&(d). Statute of limitations for RICO civil action is four years from the last date of the last act. The first act was January 2007(201). Agency Holding Corp. v. Malley-Duff & Assoc. Inc. (199).(200).(203).(207). The Supreme Court has established **abstention doctrines** requiring that a **federal court with proper jurisdiction over the subject matter of a dispute should nevertheless stay its hand" in order to promote** an overriding policy, such as the maintenance of a particular

JOHN E. and SHELLEY A. ERICKSON PRO-SE
5421 PEARL AVE S.E.
AUBURN WA. 98092
(206)255-6324  (206)255-6326
(253)939-9741
SHELLEYSTOTALBODYWORKS@COMCAST.NET

relationship between the national government and the

states(230)(231)&(232). " Honest services fraud" has an eight

year statute of limitations.  RICO is a four year statute from

the last harmful act. The Erickson's are not time barred. And

request a jury trial. committing Multiple violations by multiple

individuals Pursuant RCW 9.91.010 &**18 U.S.C §1964©&(d).**

24. Due process(292).  **Defendants committing "Honest Services**

**Fraud"; 18U.S.C. 1346; Violating the "Honest services " doctrine, &" Conspiracy**

**Act" and fraud.1962(d); by mortgage fraud & Mortgage servicing fraud upon the**

**Erickson's..**

25. U.S. Constitution Art. I, 8."[t]he powers delegated by the proposed

Constitution to the Federal government are few and defined.  Those which are to

remain in the State governments are numerous and indefinite." The Federalist

No.45, pp. 292-293(C. Rossiter ed. 1961). This Constitutionally mandated division of

authority "was adopted by the Framers to ensure protection of our fundamental

liberties."  Gregory v. Ashcroft, 501 U.S. 452, 458 (1991) (internal quotation marks

omitted). "Just as the separation and independence of the coordinate branches of

the Federal Government serves to prevent the accumulation of excessive power in

and on branch, a healthy balance of power between the States and the Federal

JOHN E. and SHELLEY A. ERICKSON PRO-SE
5421 PEARL AVE S.E.
AUBURN WA. 98092
(206)255-6324  (206)255-6326
(253)939-9741
SHELLEYSTOTALBODYWORKS@COMCAST.NET

Government will reduce the risk of tyranny and abuse from the either front." U.S.
v. Lopez, U.S. 549 (1995):

**26.** Individuals/defendants' listed above, live and work in the sovereign State of Washington and have continuity relationship to each others entities..

27. Defendant/Tortfeasers misrepresented predatory loan, and mortgage fraud, modification mortgage fraud, committing a tort act on the Erickson's home took place in the State of Washington.

28. All direct [Tort] acts of the defendants giving rise to plaintiffs' personal mortgage causes of action, originated and took place in King County, inside the sovereign boundaries of plaintiff's/[nationals] borders of the state of Washington. The economic harm has occurred to the Erickson's business and livelihood located inside the sovereign boundaries of the State of Washington. Washington law RCW 9.91.010, protects the plaintiff's civil right within the boundaries of the State of Washington. 18 U.S.C.§1964 provides for civil remedies for Racketeer influenced and corrupt organization (RICO) violation:

### IV. ALLEGATIONS AND CLAIMS
Plaintiffs/Complainant's reallege each and every allegation contained in paragraph 1. through herein. Organized and conspired WRONGFUL INTENT:

SECOND SERVED AMENDED

COMPLAINT AND CAUSE OF ACTION

PAGE22

JOHN E. and SHELLEY A. ERICKSON PRO-SE
5421 PEARL AVE S.E.
AUBURN WA. 98092
(206)255-6324   (206)255-6326
(253)939-9741
SHELLEYSTOTALBODYWORKS@COMCAST.NET

1. Defendants **conspired organized fraud, and honest service fraud against plaintiffs' and plaintiffs customers in the multiples, committing** multiple violations by multiple individuals throughout the State of Washington, causing economic harm.

### VIOLATION OF ESTTOPEL LAW

1. Defendants have committed both mortgage fraud and modification mortgage fraud. The plaintiff's were mislead to believe they had been approved for a modification loan; paid the modification payments for five months then were intentionally lead into detrimental harm, and foreclosure status by misrepresented and [**dishonest service frau**d] mortgage servicing fraud:

2. Defendants have violated Estoppel law: Estoppel includes being barred by false representation or concealment(equitable estoppel), failure to take legal action until the other party is prejudiced by the delay Estoppel by silence. No man can contradict his own act or deed. An estoppel arising when a negligent person induces someone to believe certain facts, and then the other person **reasonably and detrimentally relies on that belief.**

3. Estoppel by representation: An estoppel arises when one makes a statement or admission that induces another person to believe something and that results in that person's reasonable and detrimental reliance on the belief. A promissory estoppel is a contract law doctrine  It occurs when a party reasonably

JOHN E. and SHELLEY A. ERICKSON PRO-SE
5421 PEARL AVE S.E.
AUBURN WA. 98092
(206)255-6324  (206)255-6326
(253)939-9741
SHELLEYSTOTALBODYWORKS@COMCAST.NET

1  relies on the promise of another party, and because of the
2  reliance is injured or damaged. Estoppel is a legal doctrine at
3  common law, where a party is barred from claiming or denying an
4  argument on an equitable ground. Estoppel complements the
5  requirement of consideration in contract law.   In general,
6  estoppel protects an aggrieved party, if the counter- party
7  induced an expectation from the aggrieved party, and aggrieved
8  party reasonably relied on the expectation and would suffer
9  detriment if the expectation is not met.

10      4. Estoppel prohibit an individual or group from being
11  harmed as a result of another's deeds, statements or promises,
12  when later actions or statements contradict or undermine what
13  was originally  stated, promised, or inferred.
14  -  the victim must satisfy the court that it was reasonable for
15  him or her to act on the relevant representation or promise, and
16  what the victim did must either have been reasonable, or the
17  victim did what the representor intended, and The victim would
18  suffer a loss or detriment if the representor was allowed;
19  to deny what was said or done—detriment is measured at the time
    when the representor proposes to deny the representation or
20  withdraw the promise, not at the time when either was made, and
21  in all the circumstances, the behavior of the representor is
    such that it would be unconscionable " to allow him or her to
22  resile. Violated promisary Estoppel.
23      5. Defendandts have violatied **PROMISARY ESTOPPEL**
    Defendants have with wrongful intent harmed the Erickson's by
24
25  Tortious actions, causing personal harm, misleading and

    misrepresenting the modification loan. And now claiming in the

    last letter received by the Erickson's that the Erickson's did

JOHN E. and SHELLEY A. ERICKSON PRO-SE
5421 PEARL AVE S.E.
AUBURN WA. 98092
(206)255-6324   (206)255-6326
(253)939-9741
SHELLEYSTOTALBODYWORKS@COMCAST.NET

not even pay the modification payments, acting like they never

gave us a letter they had unapproved us. **Exhibit B,16:**

6. Chase Bank then purchasing loans based on mortgage fraud

as notes to money launder corrupt predatory **[BAD MONEY]**

mortgages. 18U.S.C.1956-57, U.S.C.A.1956, prohibits money

laundering. [Cases :United States v,34 C. J. S. United States §§

162-163.]. Money- laundering is defined in Blacks Law Book as:

The act of transferring illegally obtained money through

legitimate people accounts so that its original source cannot be

traced.  Money -laundering is a federal crime. 18 U.S.C.A. § 1956,

**however has provisions under 18 U.S.C. § 1956-1957 in a civil action.**   The

mortgage documents for our mortgage and millions of mortgages

have been shredded so origin **cannot be traced [EVEN SHREDDED**

**DOCUMENTS]**, so value and ownership cannot be traced. It is also

addressed through the state governments, e.g., through the

Uniform Money Services Act.  Because some money -laundering is

conducted across national borders, enforcement of money-

laundering laws often requires international cooperation,

fostered by organizations such as Interpol.. ]

7. All actions of defendants/agents inside this Washington

State jurisdiction allegedly represented Long Beach Mortgage, a

company that is associated to WAMU in the original signing of

the documents, and has been purchased by CHASE BANK in King

County, State of Washington. Washington Superior Court has

"general" jurisdiction, SUBJECT MATTER JURISDICTION AND

TERRIOTORIAL JURISDICTION AND PERSONAL JURISDICTION AND IS

COMPETENT TO HEAR ANY CASE OVER WHICH NO OTHER TRIBUNAL HAS

JOHN E. and SHELLEY A. ERICKSON PRO-SE
5421 PEARL AVE S.E.
AUBURN WA. 98092
(206)255-6324  (206)255-6326
(253)939-9741
SHELLEYSTOTALBODYWORKS@COMCAST.NET

1   EXCLUSIVE JURISDICTION, AND HAS THE AUTHORITY TO HEAR THE VAST

2   MAJORITY OF CASES.

3       8.   Chase Bank mortgage serving then committing mortgage

4   fraud upon the Erickson's, who's home is located inside the

5   jurisdiction of the sovereign State of Washington. Such as sold

6   to the Deutsch National Trust, defrauded the plaintiffs by mail

7   fraud and wire fraud.  **See United States v. Hitchens: Hitchens tried to**

8   **claim she was not guilty of mail and wire fraud because they did not have**

9   **proof of who did it personally. "Who placed the documents in the mail".**

10       **9.  However law enforcement need only (her argument was rejected**

11   **this reason)per judicial proceedings interpreted the mail and wire fraud**

12   **statutes has established that law enforcement need not show that person**

13   **committing the fraud themselves placed the documents in the mail, or**

14   **called on the phone(wire), law enforcement need only show that a person**

15   **commits an act with knowledge that use of the mails or wires would follow**

16   **in the ordinary course of business. Furthermore, evidence of business**

17   **custom is sufficient to establish knowledge that this use of mail or wires**

18   **would follow.** 21

19       10.   The Plaintiffs have subject matter jurisdiction and

20   real interest in the subject matter: "A party lacks standing to

21   invoke the jurisdiction of a court unless he has, in an

22   individual or a representative capacity, some real interest in

23   the subject matter of the action. ( State ex rel. Dallman v.

24   Court of Common Pleas  (1973), 35 Ohio St. 2d 176, 298 N,E. 2d

25   515, syllabus. See Bellitri v. Ocwen; opinion: a party "must

      have some actual, justiciable interest. " Id.

       11. Plaintiffs built their home in Auburn, Washington with

      their bare hands over thirty years ago, and have lived in this

JOHN E. and SHELLEY A. ERICKSON PRO-SE
5421 PEARL AVE S.E.
AUBURN WA. 98092
(206)255-6324  (206)255-6326
(253)939-9741
SHELLEYSTOTALBODYWORKS@COMCAST.NET

1  home for over thirty years and paid taxes on this home for over
2  thirty years, and have home equity loss and the value of the
3  home is higher than the amount of the predatory loan, therefore
4  [have a recognizable stake]: They must have a recognizable
5  stake.   Wahhl v. Braun, 980 SW.2d 322 (Mo. App,. E.D. 1998).
6  Lacking standing cannot be waived and may be considered by the
7  court sua sponte. Brock v. City of St. Louis, 724 S.W.2d 721
8  (Mo. App.E.D. 1987).

9      12. Defendants do not have proof of ownership of the
10  mortgage: Defendant's did not produce proof of ownership of the
11  mortgage when plaintiff's filed the dispute of ownership of the
12  mortgage, in November 2009. A person lacking any right or
13  interest to protect may not invoke the jurisdiction of a court.
14  'Northland ins. Co v. Illuminating Co., 11th Dist. Nos. 2002-A-
15  oo58 and 2002-A-0066, 2004-Ohio-1529, at  17 (internal
16  quotations and citations omitted).

17      13. The plaintiff's have loss of home equity.

18
19                              **FACTS**
20
21  1. Plaintiffs are protected by 18 U.S.C. §1964, which provides for civil
22  remedies for Racketeer influenced and Corrupt Organizations (RICO) violations;
23
24  And 18 U.S.C. §1503, which prohibits the obstruction of justice
25   and "Honest Services Doctrine." Conspiracy and Honest Services Fraud ;

Persuant Section RICO ;1962(d) (183)©;(188);(D);(189);(193); and are subject to


SECOND SERVED AMENDED
COMPLAINT AND CAUSE OF ACTION
PAGE27

JOHN E. and SHELLEY A. ERICKSON PRO-SE
5421 PEARL AVE S.E.
AUBURN WA. 98092
(206)255-6324  (206)255-6326
(253)939-9741
SHELLEYSTOTALBODYWORKS@COMCAST.NET

RCW 9A.08.030 & are liable for RCW 9A./ 08.020; . **Serving all the above by mail and wire violating Wire Fraud Act and Mail Fraud Act.**

2. Defendant's have violated the Truth and Lending Acts committing Mortgage Fraud and predatory lending which took place inside the State of Washington, and each and every individual State in the United States and has been deemed the largest organized crime in the history of the United States and possibly the globe. Causing economic hardship for thousands of citizens inside the State of Washington, effecting jobs, causing loss of jobs therefore loss of incomes and causing economic chaos, injuring the plaintiff's business and loss of home equity.

3. This is an economic crime at its worst. **EXHIBIT 4;** Causing the plaintiff's to be in bankruptcy and at risk of losing their home. **Exhibit 13,14,16,17,19-22. Barnsdall Refining Corn. V. Birnam wood Oil Co., 92 F 2d 817; RCW 11.98.110; TILA 15 U.S.C.1601"Regulation Z".**

4. Plaintiff's had a good solid business and can prove through accounting records, had built a huge business that grew every year until the mortgage fraud came to a climax and began dramatically draining the economy, with a bubble burst caused by mortgage fraud and organized crime. The mortgage fraud and servicing fraud has effected the United States and the entire globe. **Exhibit 15&18 Exhibit B-1 and C.**

5. Plaintiffs were mislead by the lender and defrauded by the mortgage servicing company and are among millions of homeowners who were also defrauded: Truth & Lending Act, Section

SECOND SERVED AMENDED

COMPLAINT AND CAUSE OF ACTION

PAGE28

JOHN E. and SHELLEY A. ERICKSON PRO-SE
5421 PEARL AVE S.E.
AUBURN WA. 98092
(206)255-6324  (206)255-6326
(253)939-9741
SHELLEYSTOTALBODYWORKS@COMCAST.NET

1  102 et seq, 15 U.S.C. Section 10601 et seq. Quino v. A-I Credit
2  Com. 635 F. Supp. 151; Under truth in lending regulation
3  providing that disclosure of consumer credit loan shall not be
4  "stated, utilized or placed so as to mislead or confuse,"
5  consumer, placement of disclosures is to be considered along
6  with their statement and use.  Truth in Lending Regulations,
7  Regulation Z, Section 226.6(c), 15 U.S.C. following section
8  1700. Geimuso v. Commericial Bank & Trust Co. 566 F.2d 437.

9      6. Any violation of the Truth in Lending Act, regardless of
10     technical nature, must result in finding of liability against
11    lender. Truth in Lending Act Section 130(a,e), Is U.S.C. Section
12    1640 (a,e). In Re Steinbrecher. 110 BR. 1556, 116 A.L.R. Fed.881

13        7. Plaintiffs have a real interest in the subject matter :
14  With some real interest in the subject matter. Civ.R. 17 only
15  applies if the action is commenced by one who is sui juris or
16  the proper party to bring the action. "  Travelers Indemn. Co.
17  v. R. L. Smith Co (Apr. 13. 2001.) 11[th] Dist. No. 2000-L-014. "
18  Wells Fargo Bank, N .A. v, /Byrd. 178 Ohio App. 3d 285, 2008-
19  Ohio-4603, 897 N.E. 2d 722. Plaintiff's have lived on this
20  property for over thirty years, & built this home with their
21  bare hands and have paid taxes on this home for over thirty
22  years and have lost home equity , caused by the defendants
23  wrongful egregious criminal actions.

24        8.Due to this global crime, Ohio courts have the inherent
25  power to vacate the prior judgments in foreclosure.  Patton v.
    Diemer (1988),35 Ohio St. 3d 68, 70, 518 N.E. 2d 952.  The state
    courts of Massachusetts and Kansas have agreed on this matter.

SECOND SERVED AMENDED

COMPLAINT AND CAUSE OF ACTION

PAGE29

JOHN E. and SHELLEY A. ERICKSON PRO-SE
5421 PEARL AVE S.E.
AUBURN WA. 98092
(206)255-6324  (206)255-6326
(253)939-9741
SHELLEYSTOTALBODYWORKS@COMCAST.NET

1    9. Truth in Lending Act Section 102 et seq; Truth in
2    Lending Regulations, Regulation Z, Section 226.1 et seq,. 15
3    U.S.C. Section 1700. Griggs v. Provident Consumer Discount Co.
4    503 F, Supp 246, appeal dismissed 672 F. 2d 903, appeal after
5    remand 680 F.2d 927, certiorari granted, vacated 103 S. Ct, 400,
6    459 U.S. 56, 74 L.Ed. 2d 225, on remand 699 E2d 642. Pursuant to
7    regulations promulgated under Truth in Lending Act, violator of
8    disclosure requirements is held to standard of strict liability,
9    and therefore, borrower need not show that creditor in fact
10   deceived biro by making substandard disclosures.

11   10. Truth in Lending Act, Sections 102-186, as amended, 15
12   U.S.C. Section 1601-1667(e);Truth in Lending Regulations,
13   Regulation Z, Section 226,8(b-d, 15 U.S.C. Section 1700 Soils v.
14   Fidelity Consumer Discount Col. 58 B.R. 983;Once a creditor
15   violates the Truth In Lending Act, no matter how technical
16   violation appears, unless one of statutory defense applies,
17   Court has no discretion imposing liability. "If any part of the
18   consideration for a promise be illegal, or if there are several
19   considerations for an unseverable promise one of which is
20   illegal, the promise, whether written or oral, is wholly void,
21   as it is impossible to say what part or which on of the
22   considerations induced the promise." Menominee River Co. V.
23   Augustus Spies L & C. Co., 147 Wis 559+, 572; 132 NW 1122. To
24   qualify for protection of Truth in Lending Act [15 U.S.C.
25   Section 1601 et seq.] Defendant's approved a modification plan;
     plaintiff's paid the modification payments for five months, in
     trust of "honest service", and detrimental reliance of the
     mortgage servicers promises that turned to purposely intended

SECOND SERVED AMENDED

COMPLAINT AND CAUSE OF ACTION

PAGE30

JOHN E. and SHELLEY A. ERICKSON PRO-SE
5421 PEARL AVE S.E.
AUBURN WA. 98092
(206)255-6324   (206)255-6326
(253)939-9741
SHELLEYSTOTALBODYWORKS@COMCAST.NET

1  misrepresentation to our detrimental harm, defendant's
2  committing mortgage servicing fraud.
3      11. "Any false representation of material facts made with
4  knowledge of falsity and with intent that it shall be acted on
5  by another in entering into contract, and which is so acted
6  upon, constitutes ":fraud, " and entitles party deceived to
7  avoid contract or recover damages." Barnsdall Refining Corn, V.
8  Birnam wood Oil Co, 92 F 2d 817. "In the Federal Courts, it is
9  well established that a national bank has not power to lend its
10 credit to another by becoming surety, indorse, or guarantor for
11 him."  Farmers and Miners Bank v. Bluefield Nat'l Bank, 11 F 2d
12 83, 271 U.S. 669."

13

14     12. Defendant's have violated  Obstruction to Private Entrepreneurs; 44. Ld.

15 At 997-98, 45;  John H. Beslner e al. Class action "Corps Public Servants or Private
16
17 Entrepreneurs? 57 STAN L. Rev 1441. (2005.) and have violated due process of the
18 law. And interstate commerce, effecting the Erickson's business of Wake Up
19
20 Beautiful, teaching permanent make up classes, to clients coming from all over the
21 United States and their local business of Shelleys Total Body Works and Shelley's
22
23 Suntan Parlor.

24     13. Defendant's committing as predicate crimes, a conspiracy to commit a
25 "pattern of Racketeering activity consecutively dated from January 2007 to todays
   date; ."18 U.S.C. §1962(a)(b),(c) &(d).18 USC §1961(1)

JOHN E. and SHELLEY A. ERICKSON PRO-SE
5421 PEARL AVE S.E.
AUBURN WA. 98092
(206)255-6324  (206)255-6326
(253)939-9741
SHELLEYSTOTALBODYWORKS@COMCAST.NET

**14. Defendants committing "Honest Services Fraud"; 18U.S.C. 1346;**

**Violating the "Honest services " Doctrine, and the "Conspiracy Act" and**

**fraud.1962(d).**

15. Defendants have committed mortgage fraud and servicing fraud and violated the Truth in Lending Acts, and all the above mentioned violations, by wire and mail and violation of the "Honest Services" services Doctrine, committing Honest Services fraud" and have committed an economic crime that has harmed Plaintiffs' causing personal loss, effecting their home of over thirty years, income loss and their business, effected by the entire harm and economic loss of multiple families and businesses in the State of Washington, and interstate.

16. When dispute of mortgage was presented in November 2009, and proof of who owns the mortgage was not answered to date : It went on to hold "If plaintiff(and or defendants')has offered no evidence that it owned the note and mortgage when the complaint was filed, it would not be entitled to judgment as a matter of law". The Erickson's have lived in this home for over 32 years and have paid taxes on this home for over thirty two years, and were two years from paying off the mortgage before the mortgage fraudsters harmed the economy. Plaintiff's have loss of home equity, therefore have vested interest, demanding quiet title:

Plaintiff's are not waiving possible entitlement to **homestead rights** or **squatters rights, and adverse possession.**

17. Economic crimes of the fraudster banks caused plaintiffs huge loss of income causing them to take a out loan

SECOND SERVED AMENDED

COMPLAINT AND CAUSE OF ACTION

PAGE32

JOHN E. and SHELLEY A. ERICKSON PRO-SE
5421 PEARL AVE S.E.
AUBURN WA. 98092
(206)255-6324  (206)255-6326
(253)939-9741
SHELLEYSTOTALBODYWORKS@COMCAST.NET

to pay their personal debt, save their business and personal
home and forced sale and transfer of all the properties owned by
the plaintiff's except their home, trying to survive the
economic losses caused by defendants and defendants
representatives. The U.S. Mail and phone services have been used
by the fraudster mortgage company and servicing company to
defraud borrowers, violating the "mail Fraud" and "Wire Fraud"
act 18.U.S.C.§1341 AND 18 U.S.C.§1343

18.UNFAIR PRACTICES : As consumers we were warned "NOT" to
shop for loans because every time a bank checked on our credit
report it would lower our credit score and a lower score would
cause a higher interest rate, INVOLVING EQUIFAX, TRANS UNION AND
EXPERIAN CREDIT SCORE COMPANIES, then mislead into
misrepresented predatory home equity loan.

19. Plaintiffs disputed the mortgage in November 2009,
never to receive a reply from the servicing company, nor alleged
lender: To qualify for protection of Truth in Lending Act [15
U.S.C. Section 1601 et seq.] Plaintiff must show that disputed
transaction was a consumer credit transacting not a business
transaction.

20. Owners were mislead into a misleading, confusion of
documents an attorney should have read and still may have been
confused, we find now we never should have trusted the lender,
plaintiff's find we cannot trust the servicing company.     .

21. Question of whether lender's Truth in Lending Act
disclosures are inaccurate, misleading or confusing ordinarily
will be for fact finder; However, where confusing, misleading
and inaccurate character of disputed disclosure is so clear that

JOHN E. and SHELLEY A. ERICKSON PRO-SE
5421 PEARL AVE S.E.
AUBURN WA. 98092
(206)255-6324  (206)255-6326
(253)939-9741
SHELLEYSTOTALBODYWORKS@COMCAST.NET

1  it cannot reasonably be disputed, **summary judgment for plaintiff**
2  **is appropriate.**

3        22. Under the facts at hand the Defendants Bank has
4  patently violated the Truth in Lending Act, at all relevant
5  times the Bank misled and attempted to confuse Plaintiff's.  The
6  Bank did not provide appropriate disclosure as required by the
7  truth in Lending Act in a substantive and technical manner. "It
8  is not necessary for recession of a contract that the party
9  making the misrepresentation should have known that it was
10 false, but recovery is allowed even thought misrepresentation is
11 innocently made, because it would be unjust to allow one who
12 made false representation, even innocently, to retain the fruits
13 of a bargain induced by such representations." Whipp v. Iverson,
14 43 Wis 2d 166.

15       23. PLAINTIFFS WERE FLAT OUT TOLD TO ALLOW THEIR MORTGAGE
16 TO BECOME THREE MONTHS DELIQUENT, to qualify for a modification
17 loan, (however plaintiffs' resisted until we were no longer able
18 to stay ahead of being three months behind), by the servicing
19 company. WITNESS TO THIS SAME PRACTICE FROM CHASE BANK SERVICES
20 ARE MR AND MRS JEFF & TARA DAVIS, Kim Simms, Barbara Hockenson,
21 Rory need last name, Darcee Davis, (and many more witness will
22 testify to these claims),whom have also resisted for now and are
23 in harms way by wrongful intent by mortgage fraudster. Homeowner
24 witness will testify the mortgage fraudster have told them, they
25 will not qualify for a modification loan unless they are at
   least three months behind.

         24. Plaintiffs were lied to and mislead by the mortgage
   services company to have approved the modification loan, then

JOHN E. and SHELLEY A. ERICKSON PRO-SE
5421 PEARL AVE S.E.
AUBURN WA. 98092
(206)255-6324  (206)255-6326
(253)939-9741
SHELLEYSTOTALBODYWORKS@COMCAST.NET

1  tell the plaintiffs they have been unapproved due to Obamma
2  changes and the modification payments are not considered to be
3  full payments only partial payments so the Erickson's now have
4  to come up with over twenty five thousand dollars, because the
5  now considered partial payments have mislead the Erickson's into
6  foreclosure status: "If any part of the consideration for a
7  promise be illegal, or if there are several considerations for
8  an unseverable promise one of which is illegal, the promise,
9  whether written or oral, is wholly void, as it is impossible to
10  say what part or which one of the considerations induced the
11  promise." Menominee River Co. V. Augustus Spies L & C. Co., 147
12  Wis 559+, 572; 132 NW 1122.

13      **25. Defendants have committed** Obstruction to Private
14  Entrepreneurs, BY MAIL AND WIRE, by mortgage fraud and mortgage
15  servicing fraud, causing economic harm and committing economic
16  crime by way of the mail and wire, violating mail fraud act and
17  wire fraud act and RICO Act.

18      26. Multiple defendants listed above have conspired in
19  multiple entities to take part in mortgage fraud, predatory
20  lending, and mortgage servicing fraud, causing economic harm to
21  plaintiffs and thousands upon thousands of citizens of the State
22  of Washington, causing economic harm including loss of jobs, and
23  homes, by these fraudsters and organized criminals, partaking in
24  one predatory loan at a time, and now taking one house at a time

25      27. In massive amounts presently causing fifty percent of
the homes in the U.S. to be underwater and massive homes being
foreclosed on due to economic loss. Witness; Willie Winstead,
Kin, Tara Davis and her husband Mr. Davis, Barbara Hockenson and

JOHN E. and SHELLEY A. ERICKSON PRO-SE
5421 PEARL AVE S.E.
AUBURN WA. 98092
(206)255-6324   (206)255-6326
(253)939-9741
SHELLEYSTOTALBODYWORKS@COMCAST.NET

more witnesses will testify to the unscrupulous, misleading
trickery, and duping of the borrowers leading them all into
detrimental harm, and emotional distress and mortgage servicing
fraud, until massive homeowners have given up in distress and
all hope, after being clearly beat around the bush so badly they
have been mentally beaten to give up realizing they have been
defrauded, duped and there is no hope to save their homes. The
mortgage servicing companies and the lenders make sure there is
no personal contact person for home owners to hold accountable
for their promises, or to follow up on any loan or conversation,
hiding behind the wires/phones, actually using the wire to
defraud homeowners and create confusion and misrepresent the
loans.

28. The defendants have caused the Erickson's loss of business that has
effected interstate commerce, by our losses effecting our purchases supplies and
retail items and equipment normally purchased out of state from Cleo Colors,
Suntan Supply Co. formally known as ETS Derma Source in Portland Oregon,.
Advertising from out of state companies we can no longer afford. Future Industries
from lamp and equipment purchases to, lotions and permanent make up supplies
purchase from out of state. Our purchases from local Costco store exceeded thirty
thousand a year and now are below several thousand a year, resale items brought in
from multiple states. Local purchases of resale items from local distributors come
from all over the U.S. have been cut to a tenth of our normal purchases, adding to
economic loss in a scope beyond the Erickson's personal losses. Plaintiff's had to lay
off employees as well and went from six employees to zero employees. Loss of
properties/ real state. Loss of my permanent make-up classes and permanent make
up supply business due to financial losses that prohibit the international
advertising to keep the business ongoing.

JOHN E. and SHELLEY A. ERICKSON PRO-SE
5421 PEARL AVE S.E.
AUBURN WA. 98092
(206)255-6324  (206)255-6326
(253)939-9741
SHELLEYSTOTALBODYWORKS@COMCAST.NET

## V. MORTGAGE SERVICING FRAUD:

1. April 2009, the fraudster mortgage servicing company told the plaintiff's by wire (phone) they had been approved for a modification loan, the paperwork was in the mail. May 29, 2009 the plaintiff's receive a letter violating ["mail fraud"], and "wire fraud", stating the plaintiff's were being sent [temporary] coupons for a[ trial modification period.] "You may continue to receive your normal statement during this trial period,[ANOTHERWARDS DO NOT MAKE FULL PAYMENTS] but please do not use it for making future payments. Once your modification is effective, normal billing statements reflecting the modified terms will resume.  If you make all [3] trial period payments on time [THE ERICKSON'S DID MAKE THESE PAYMENTS AND NOW THE SERVICING COMPANY CLAIMS WE DID NOT]and comply with all of the applicable program guidelines.[ERICKSON'S HAD BEEN TOLD THE SERVICING COMPANY HAD RECEIVED ALL THE PAPERWORK NECESSARY AND WE WERE APPROVED OVER THE PHONE, THEN THIS LETTER COMES TO US], you will have qualified for a final modification. [The plaintiff's had already been told they had qualified for a modification loan, by phone.] The servicing company had never

JOHN E. and SHELLEY A. ERICKSON PRO-SE
5421 PEARL AVE S.E.
AUBURN WA. 98092
(206)255-6324  (206)255-6326
(253)939-9741
SHELLEYSTOTALBODYWORKS@COMCAST.NET

mentioned a word to us about a modification trial period over the phone.

   2. During 2009 through 2010. Tara & Jeff Davis, clients of the Erickson's had been trying to get a modification plan. Plaintiff's warned them of what had just happened to us, so she called the service company to ask if this is what they had planned to do to them, and she was told oh yes this can happen to you. She asked why they had not mentioned this with no reply.

   3. (Plaintiff's paid five months of modification payments, before they received the letter to come up with the difference of twenty five thousand dollars or be foreclosed on) However, there may be a period of time between your last trial payment and your first modification payment as we finalize the documents and get them back from you. During that interval, you should make a continuation payment at the trial period amount, and an extra coupon has been provided for that purpose.   That payment will be applied as a principal reduction payment when your final modification is effective." **SEE EXHIBIT #1&5.**

   4. VIOLATION OF ESTTOPEL LAW:   May 2009 through October 2009, the plaintiff's paid the modified payment. September 2009. October 13, 2009, Plaintiff's receive a letter from Chase

SECOND SERVED AMENDED

COMPLAINT AND CAUSE OF ACTION

PAGE38

JOHN E. and SHELLEY A. ERICKSON PRO-SE
5421 PEARL AVE S.E.
AUBURN WA. 98092
(206)255-6324  (206)255-6326
(253)939-9741
SHELLEYSTOTALBODYWORKS@COMCAST.NET

1  servicing department stating the plaintiff's do not qualify,
2  after being told they were approved
3  and qualified and had made **[FIVE] modification payments**. ["mail
4  fraud"]and ["Wire fraud"]. VIOLATING ESTOPEL LAWS AND COMMITTING
5  MORTGAGE SERVICING FRAUD.

6      5. Plaintiff's call Chase servicing department and ask how
7  Chase can tell them they are approved and pay for five months
8  then tell them they are unapproved? Plaintiff's are told due to
9  the present changes during our modification trial period with
10 the Obama plan we have been unqualified now. **EXHIBIT 6**

11     6. Plaintiff's are told because the modification payments
12 were partial payments the servicing company does not accept the
13 payments to be full payments, only partial payments therefore
14 the plaintiff's, have fallen into foreclosure status, and owe an
15 additional $25,000.00 or the mortgage company will foreclose on
16 the plaintiff's home.

17

18     October 28, 2009, The plaintiff receive a DEBT VALIDATION
19 LETTER from Chase ,  RE:Chase Loan No. : 0697646826:  **EXHIBIT 2**

20     7. October 2009, after receiving this letter, I go to Diane
21 Fritschi, manager of Chase Bank in Auburn, Washington, to see if
22 Diane could talk to the servicing department.  Diane calls the
23 servicer and is told due to the changes in the Obama plan
24 the Erickson's have been unqualified for the modification loan.

25     8. October 2009, Mrs. Erickson goes to attorney Sarah Small
   Point-Du Jour whom draws up **a letter of dispute of ownership** of
   the mortgage, asking for proof of who owns the mortgage and she

SECOND SERVED AMENDED

COMPLAINT AND CAUSE OF ACTION

PAGE39

JOHN E. and SHELLEY A. ERICKSON PRO-SE
5421 PEARL AVE S.E.
AUBURN WA. 98092
(206)255-6324  (206)255-6326
(253)939-9741
SHELLEYSTOTALBODYWORKS@COMCAST.NET

1  mails this letter certified mail to the mortgage servicing agent
2  and the mortgager on November 11, 2009.  The mortgage
3  **company/servicing company has never answered the letter of**
4  **dispute. EXHIBIT 3**

5      9. Sarah Small Point Du Jour, refers me (Mrs. Erickson) to
6  Melissa, a predatory lending attorney, who agrees Chase Mortgage
7  has defrauded plaintiff's, however she is unfamiliar with this
8  subject and recommends the plaintiff's file bankruptcy.

9      10. We are in the middle of filing for bankruptcy caused by
10 the mortgage fraudsters.  I have chosen to do the complaint and
11 cause of action claim Pro Se. And let Melissa file bankruptcy
12 for us, AND ARE FOR NOW TRYING TO AVOID BANKRUPTCY.

13     11. The servicing and mortgage agents, and are in fact loan
14 sharks, acting as discriminating predatory lenders and criminals
15 committing organized crime at its worst.  Defendants have
16 mislead the Erickson's committed fraud, deception, and tort
17 against the Erickson's, by phone calls and mail, violating the
18 "Mail Fraud" Act and "Wire Fraud" Act, therefore violating the
19 "RICO ACT". Including MULTIPLE RESIDENTS OF THE STATE OF
20 WASHINGTON.

21     Plaintiff's claim the mortgage fraudsters are conspiring a
22 complete takeover of smaller corporations, smaller banks, the
23 economy, controlling the entire economy and millions in
24 individual homeowners by way of all the listed claims in this
25 document, committing organized crime, using multiple entities
   and corporations that have continuity and relationships.

SECOND SERVED AMENDED

COMPLAINT AND CAUSE OF ACTION

PAGE40

JOHN E. and SHELLEY A. ERICKSON PRO-SE
5421 PEARL AVE S.E.
AUBURN WA. 98092
(206)255-6324   (206)255-6326
(253)939-9741
SHELLEYSTOTALBODYWORKS@COMCAST.NET

1    12. The defendants have blank mortgage assignments they
2  possess transferring nothing. A mortgage is a **conveyance of**
3  **land.**
4  The various agreements between the securitization entities
5  stating that each had a right to an assignment of the mortgage
6  are on themselves an assignment and they are certainly not I
7  recordable form. The issues in this case are not merely
8  problems with paperwork or a matter of dotting i's and crossing
9  t's. Instead, they lie at the heart of the protections given to
10  homeowners and borrowers by the Washington legislature.

11    13. To accept the defendants arguments of this alleged debt
12  being enforceable and collectable and to allow them to take the
13  Erickson's home without demonstrable right to do so, based upon
14  the assumption that they ultimately will be able to show that
15  they have that right and the further assumption that potential
16  bidders will be undeterred by the lack of a demonstrable legal
17  foundation for the sale and will nonetheless bid full value in
18  the expectation that the foundation will ultimately be produced,
19  even if it takes a year or more.  The law recognizes the
20  troubling nature of these assumptions, the harm caused if those
21  assumptions prove erroneous, and commands otherwise. " (Italic
22  emphasis in original.)  (U.S. Bank National Association v.
23  Ibanez/Wells Fargo v. Larace).
24  "By statute, assignment of the mortgage carries with it the
25  assignment of the debt….Indeed, in the event that a mortgage
   loan somehow separates interests of the note and the deed of
   trust, with the deed of trust lying with some independent

JOHN E. and SHELLEY A. ERICKSON PRO-SE
5421 PEARL AVE S.E.
AUBURN WA. 98092
(206)255-6324  (206)255-6326
(253)939-9741
SHELLEYSTOTALBODYWORKS@COMCAST.NET

1  entity, the mortgage may become unenforceable.  The practical
2  effect of splitting the deed of trust from the promissory note
3  is to make it impossible for the holder of the note to
4  foreclose, unless the holder of the deed of trust is the agent
5  of the holder of the note.

6      14. Without the agency relationship, the person holding
7  only the note lacks the power to foreclose in the event of
8  default.  The person holding only the deed of trust will never
9  experience default because only the holder of the note is
10  entitled to payment of the underlying obligation.  The mortgage
11  loan becomes ineffectual when the note holder did not also hold
12  the deed of trust." (Citations omitted; emphasis added.)  **The
13  defendant's /mortgage fraudsters have taken proof of who owns
14  the the mortgage documents and shredded them or disposed of them
15  to enable the fraudsters to sell the mortgages without proof of
16  their value, hiding their true value to sell and resell and
17  slice and dice the mortgages to get away with money laundering
18  and being paid several times over for the same documents,
19  defrauding the buyers and the sellers and are now stealing the
20  mortgages back without proof of ownership, to hide their crime,
21  causing economic hardship for almost every citizen in the United
22  States including the Erickson's and injuring their business of
23  over thirty years, EGREGIOUSLY, maliciously, wrongfully causing
24  emotional stress to the Erickson's and multiple in the thousands
25  of citizens, and customers of the Erickson's residing in the
   state of Washington, causing all residents of Washington State
   home equity loss.**

JOHN E. and SHELLEY A. ERICKSON PRO-SE
5421 PEARL AVE S.E.
AUBURN WA. 98092
(206)255-6324  (206)255-6326
(253)939-9741
SHELLEYSTOTALBODYWORKS@COMCAST.NET

15. `The fraudster servicing companies have pretended over and over to receive only partial documents, from the home owners only to collect the thousand dollars( EACH TIME they pretended to do the modification papers) from the government to do the paperwork for the modification loans. **EXHIBIT 12 : Witness Willie Winstead will be called as a witness to testimony, that he has experienced the same up to fourteen time.  Thus the servicing companies literally stealing billions of dollars from our tax base to pay off the tarp money, with our own tax dollars.  Witnesses Tara Davis and her husband and Kim Simms, Willie & Shuran Winstead and more will testfy to the same misleading mortgage servicing fraud above.  I do not waive any rights to adding witnesses to my case.**

16. The Erickson's sent the same documents in up to twelve times, before being told the servicing company had received all the documents and had finally been approved, by phone.

The defendants have used abusive and threatening and deceptive and harassing collection practices. The defendants are demanding quiet title due to uncollectible and unenforceable mortgage debts, based on Mortgage fraud and deceptive , misrepresented modification loan service; Honest Services fraud and violation of multiple TILA Acts.

17. The defendants defrauded the Erickson's telling the plaintiff's they were approved for a modification loan, then sending a trial modification letter , making an agreement with the Erickson's to pay modification payments and to ignore the regular payment statements.  The Erickson's made modification payments for five months , then are told the mortgage company has changed its mind the plaintiff's are Unqualified. **All part of a con job by organized criminals.**

SECOND SERVED AMENDED

COMPLAINT AND CAUSE OF ACTION

PAGE43

JOHN E. and SHELLEY A. ERICKSON PRO-SE
5421 PEARL AVE S.E.
AUBURN WA. 98092
(206)255-6324   (206)255-6326
(253)939-9741
SHELLEYSTOTALBODYWORKS@COMCAST.NET

18. **Deceptive egregious individuals involved with committing misleading mortgage modification fraud to lead homeowners into foreclosure, making false promises, for servicing kick backs, that are money from our taxes given to them by our government, causing emotional stress beyond the meaning of emotional stress to thousands of forlorn families, being put out into the streets, homeless,by fraud and conspiracy, including the Ericksons/plaintiff's.  Most homeowners giving up the battle and hope of modification help, realizing they have been duped, with no funds or knowledge to lawfully file claims against these fraudsters and flat out conspiracy con artist. It is beyond sickening. Home owners like myself that have gone to attorney's to fight this are told either we do not have enough money to battle this truly fraud, or the attorney is not familiar with this kind of fraud, and does not know how to file a claim for them.  Washington attorneys claim to only know how to file bankruptcy. "Willie Winstead has talked to seven attorneys.  Home owners are flat out scared and feel totally defeated, suffering extreme emotional distress, some of my clients tell me they are considering suicide, some tell me they cry as they drive down the street wondering if they will ever be able to own a home again.  These mortgage fraudsters have committed the hugest most massive egregious economic attack on the people of the state of Washington in our history, and the entire globe, undermining our economy and then receiving bail out money, then on top of that recieveing equivalent mortgage servicing money for modification loans they never intended to honestly do, to fill their pockets,**

JOHN E. and SHELLEY A. ERICKSON PRO-SE
5421 PEARL AVE S.E.
AUBURN WA. 98092
(206)255-6324  (206)255-6326
(253)939-9741
SHELLEYSTOTALBODYWORKS@COMCAST.NET

1  claiming they have not received the paperwork over and over for
2  months, defrauding the homeowners and delaying homeowners until
3  they foreclose on homeowners, litterally stealing their homes
4  now, when these fraudsters are the very root and origin of the
5  damage caused to us homeowners, effecting fifty percent of the
6  mortgages in the state of Washington, and the U.S.
7      19. August 2010, Darcee Davis can testify to never
8  submitting a modification loan request and she is one of the few
9  that received a modification payment[remember the servicing
10 company now only receives a kick back for every modification
11 payment closed, where last year and a half they received a kick
12 back for each and every time the modification papers were looked
13 at , which gave the servicing company incentive to claim the
14 paperwork never or in part did not show up, allowing them a kick
15 back of a thousand dollars every time they restarted the
16 paperwork]; Now Darcee Davis/witness is given a modification
17 loan without requesting the modification loan, only with an
18 increased hundred dollars a month, when she is already in a
19 hardship to pay the payment she has and is forced to pay out an
20 increased payment, however the mortgage servicing company
21 benefited by closing a modification loan for her and now
22 receives a hundred dollars more a month.  NOW THE MORTGAGE
23 COMPANY CAN RECEIVE SERVICE FEES FOR A LOAN THAT WAS NOT IN
24 DEFAULT AND CLAIM THEY ARE CLOSING MODIFICATION LOANS, AND PUT
25 AN ALREADY HARDSHIP HOMEOWNER INTO A GREATER HARDSHIP THAN SHE
   HAD, POSSIBLEY SETTING HER UP FOR FUTURE FORECLOSURE.

      20. The Plaintiff's submitted and resubmitted documents by
fax, for over ten months before the mortgage company finally

SECOND SERVED AMENDED
COMPLAINT AND CAUSE OF ACTION
PAGE45

JOHN E. and SHELLEY A. ERICKSON PRO-SE
5421 PEARL AVE S.E.
AUBURN WA. 98092
(206)255-6324   (206)255-6326
(253)939-9741
SHELLEYSTOTALBODYWORKS@COMCAST.NET

1  stated they had received all the copies, AFTER FAXING THREE
2  COPIES OF THE PAPERS IN ONE DAY TO TRY TO GET ALL COPIES TO THEM
3  BECAUSE THEY CLAIMED THEY HAD NOT RECEIVED ALL THE PAPERWORK FOR
4  MONTHS. The mortgage fraudsters therefore USING THE WIRE FOR
5  FRAUD, before the Erickson's were given notice by phone, they
6  were approved for the modification loan. The Erickson's were not
7  told they would receive a trial modification, until they
8  received the trial modification letter.

9       The mortgage fraudsters are receiving Billions in bail out
10  money misusing tax dollars, then collecting billions of dollars
11  from our tax pool to service modification loans, then
12  misrepresent the modification loans to finally steal the tax
13  payers homes and home equity.  It is a win win situation for the
14  mortgage fraudsters and a loose….loose…..loose! situation for
15  the homeowner and tax payers, being defrauded multiple times by
16  the big banks.

18  **VI. ESTOPPEL LAW VIOLATED AND MORTGAGE SERVICING FRAUD**

20       1. Plaintiff called the servicing agent in **May, 2009** to see
21  if I was approved for our modification loan, I was told the
22  modification was approved and I would be receiving the paper
23  work soon.  Approximately a week later after I paid the June
24  payment I received a letter dated May 29, 2009, telling me:
25  According to our records we have recently sent you a Home
Affordable Trial Modification package.  If you have not already
remitted the payments as detailed in that package, please use

SECOND SERVED AMENDED
COMPLAINT AND CAUSE OF ACTION
PAGE46

JOHN E. and SHELLEY A. ERICKSON PRO-SE
5421 PEARL AVE S.E.
AUBURN WA. 98092
(206)255-6324   (206)255-6326
(253)939-9741
SHELLEYSTOTALBODYWORKS@COMCAST.NET

1   the temporary payment coupons enclosed with this letter.  If you
2   have already remitted some of the payments, please disregard the
3   respective coupon for that month's payment but use the remaining
4   coupon(s) going forward. I am told by multiple customers they
5   have never received any package of papers they have been
6   promised. The plaintiff's called the mortgage company over and
7   over to tell them we did not receive any package, only the
8   modification coupons and are told it is coming never to come.

9       2. We **never received** this package they are talking about,
10  so we went directly to the bank to pay the first payment the
11  servicing company told us to pay on the first of June, 2009.
12  The bank refused the payment and told us we had to send the
13  payment directly to the servicing agent.

14      3. **June 2009**, I called the servicing agent and told them we
15  had not received the packet, that I needed the address and sent
16  a cashiers check directly to them for the June modification
17  payment. Shortly after I made the payment I received the letter
18  dated **June 29, 2009** with payment coupons attached to the letter,
19  and nothing more. The letter continued to say:  You may continue
20  to receive your normal statement during this trial period. (We
21  did not), but please do not use it for making future payments.
22  Once your modification is effective, normal billing statements
23  reflecting the modified terms will resume. If you make all (3)
24  trial period payments on time and comply with all of the
25  applicable program guidelines, you will have qualified for the
    final modification. Plaintiff's had already been told by
    wire/phone we had been approved.

        4. Approximately the second and third payments, plaintiff's

SECOND SERVED AMENDED

COMPLAINT AND CAUSE OF ACTION

PAGE47

JOHN E. and SHELLEY A. ERICKSON PRO-SE
5421 PEARL AVE S.E.
AUBURN WA. 98092
(206)255-6324  (206)255-6326
(253)939-9741
SHELLEYSTOTALBODYWORKS@COMCAST.NET

1  called in by phone, the servicing company told plaintiff's their
2  computers were down and to try again in a couple of weeks.   That
3  did not sound right to me, so we tried to call in a phone
4  payment in a couple of days and made the payments by phone.
5  (We were told by the servicing agent, the company had received
6  all the necessary paperwork, and we were approved for the
7  modification loan.  I had faxed all the requested material and
8  document to the serving company in order to receive the
9  modification loan.)

10      5. The servicing company letter continues.  However, there
11  may be a period of time between your last trial payment and your
12  first modification payment as we finalize the documents and get
13  them back from you.  During that interval, you should make a
14  continuation payment at the trial period amount, and an extra
15  coupon has been provided for that purpose.

16      6. The coupon page consisted of this: Please use the
17  temporary coupons below during your trial modification period
18  and be sure to include your loan number on your check.
19  If you have already remitted some payments or have set up
20  electronic payments for future payments under the trail plan,
21  please disregard these temporary coupon(s) for those months. If
22  you prefer to make your payment by phone, (Which we did) or have
23  any questions about these temporary coupons, please call us at
24  (866) 926-8937.  During your trial modification period, we are
25  waiving any telephone payment fees and can schedule your
payments in advance to help make it easier to keep your trial
plan current. If your loan is in foreclosure, certified funds
are required.

SECOND SERVED AMENDED

COMPLAINT AND CAUSE OF ACTION

PAGE48

JOHN E. and SHELLEY A. ERICKSON PRO-SE
5421 PEARL AVE S.E.
AUBURN WA. 98092
(206)255-6324   (206)255-6326
(253)939-9741
SHELLEYSTOTALBODYWORKS@COMCAST.NET

1     7. Additionally, you may not receive statements during the
2  trial modification months.  Normal billing statements reflecting
3  the modified terms will resume once your trial modification is
4  effective. These two papers were the only papers we received
5  until the **October 13, 2009 letter.** [This letter : Stating the
6  bank was now refusing the modification loan, they had already
7  approved.  I called the servicing agent and asked why I received
8  a letter saying **no** after I was told in **May 2009** that I was
9  approved and I have made five modification payments, about to
10  make the sixth in November(The sixth payment went into my
11  attorney for bankruptcy's trust fund)?

12     8. The servicing agent told me **I qualified then however**
13  **during the modification trial period and the finalizing of the**
14  **loan the rules have changed and I do not meet the new**
15  requirements.
16  During this call it was the first time the servicing company
17  informed me why I owed over $25,000.00.  I was told the
18  modification payments are now considered partial payments and I
19  now have fallen behind long enough to go into foreclosure.
20  If I had been warned the modification payments would not be
21  considered full payments I would never have agreed to make the
22  modification payments.  I was tricked, misinformed and deceived.
23  I would never have allowed my house to be in foreclosure. The
24  mortgage fraudsters have voided their contract by means of
25  mortgage fraud and misrepresentation. I have struggled to keep
    my house out of foreclosure.  I believed this program was to
    help you, not set you up for foreclosure INSTEAD. This is
    illegal according to the estoppel law. ESTOPPEL:   The Supreme

JOHN E. and SHELLEY A. ERICKSON PRO-SE
5421 PEARL AVE S.E.
AUBURN WA. 98092
(206)255-6324   (206)255-6326
(253)939-9741
SHELLEYSTOTALBODYWORKS@COMCAST.NET

1  Court noted that the theory of judicial estoppel "prevents a
2  party from asserting one position in a judicial proceeding and
3  later taking an inconsistent position to gain an advantage".
4  Estoppel includes being barred by false representation or
5  concealment(equitable estoppel), failure to take legal action
6  until the other party is prejudiced by the delay Estoppel by
7  silence. **reasonably and detrimentally relies on that belief. The**
8  **mortgage companies are prejudicing all homeowners appling for**
9  **modification loans by delay , then taking legal actin to steal**
10 **their homes.**

11      9. I was told over the phone on every phone call to the
12 servicing agent that I owed a balance over due on the loan.  And
13 I told the person on the phone I am in the middle of a
14 modification loan and that debt will be added to the end of the
15 loan when my modification is finalized. The party told me " I
16 know I just am obligated to tell you this.  I was never informed
17 I would be put in detrimental harm and forced into foreclosure.
18 I was never told the payments would not be considered full
19 payments. I was never told the modification approval was a trial
20 approval. I was told the servicing company had received all the
21 paper work necessary and had approved my modification loan and I
22 would be receiving documents in the mail, I never recieved.

23      10.There must be evidence to show that the representor
24 actually intended the victim to act on the representation or
25 promise, or . **EXHIBITS 1,& 5.**

     11. In the letter I received to my surprise, I was under
the understanding and misrepresentation the servicing company
was acknowledging once I completed the trial modification

SECOND SERVED AMENDED

COMPLAINT AND CAUSE OF ACTION

PAGE50

JOHN E. and SHELLEY A. ERICKSON PRO-SE
5421 PEARL AVE S.E.
AUBURN WA. 98092
(206)255-6324  (206)255-6326
(253)939-9741
SHELLEYSTOTALBODYWORKS@COMCAST.NET

payments I would receive my final modification. I was never told other wise. The servicing company has been purposely delaying the modification loans to every homeowner in the state of Washington, building up fees for paperwork and servicing, and leading the homeowner to foreclosure.

12. The servicing agents have more incentive to foreclose to earn more service fees immediately than to finalized modification loans:  Now the servicing agent is pushing for a foreclosure to add more fees for their service that will be paid at foreclosing, that otherwise may not have been paid for a long time or never.  It is all a scam. procrastinating while using trickery to cause detrimental harm, by concealing information that my loan would be put in harms way while making trail modification payments for kick backs, and the benefit of money paid to the servicing agents. Then legally going after Plaintiffs home after being delayed and directed to pay partial payments called modification payments until plaintiff's were prejudiced by the delay ad now we find partial payments that lead us into detrimental harms way and foreclosure.

13. The Erickson's reasonably relied on the promises of the mortgage serving company; PROMISARY ESTOPPEL:   The doctrine of promissory estoppel prevents one party from withdrawing a promise made to a second party if the latter has reasonably relied on that promise and acted upon it to their detriment. An unequivocal promise by

words or conduct.  Evidence that there is a change in position of the promise as a result of the promise. **EXHIBITS#1& 5.**

14. I have never allowed the mortgage to fall into danger of foreclosure being enforced.  The Erickson's were not in danger of default or repossession until the servicing agent directed the Erickson's to make the modification payments, without informing the Erickson's by making the modification

JOHN E. and SHELLEY A. ERICKSON PRO-SE
5421 PEARL AVE S.E.
AUBURN WA. 98092
(206)255-6324   (206)255-6326
(253)939-9741
SHELLEYSTOTALBODYWORKS@COMCAST.NET

payments the Erickson's would be putting our home/mortgage in
detrimental harm. The servicing agent has put me in danger of
being foreclosed on any day, without notice until the Erickson's
home/mortgage was already in harms way./detriment.   The
modification plan was unconscionably egregiously used by the
servicing company to set up the Erickson's mortgage to go into
default. **Consolidation Equity Loan 2002 after Erickson's**
**completed remodeling commericial buliding. Exhibit**s D and E. The
Erickson's had over an eighthundred credit score for years up to
2003, loosing credibility due to the losses caused by the
mortgage fraudsters and mortgage serving agent fraudsters,
including the Equifax, Trans Union , and Experian downgrading
your credit score if you mortgage shopped, doing away with your
right to privacy, and lowering credit scores if individuals that
never had permission from you to inquire on your credit score,
when I have attempted by e-mail and in writing over a half a
dozen times to find out my credit score and paid them money for
a free credit score including fica score and have never received
it to this day. Credit loss and financial loss, due to
unprecedented devastating economic harm, caused by tortfeasors,
agents for the mortgage fraudsters.

### VII. WRONGFUL INTENT CAUSES ECONOMIC HARDSHIP

1. I requested this modification loan because my small
business has been effected by the slow economy, which caused me
to take out this loan to begin with, to save my mortgage again,
not to cause the mortgage to fall behind farther than it was.

JOHN E. and SHELLEY A. ERICKSON PRO-SE
5421 PEARL AVE S.E.
AUBURN WA. 98092
(206)255-6324   (206)255-6326
(253)939-9741
SHELLEYSTOTALBODYWORKS@COMCAST.NET

1  I trusted this company to treat me fairly and I have been trying
2  for a year to work with this unfair, unscrupulous unconscionable
3  predatory servicing company and mortgage fraudster company, only
4  to be deceived and become prey of a delayed estoppels by
5  silence..

6     2. These predatory unconscionable, egregious, deceptive
7  servicing agents have to be stopped from this trickery, and
8  organized crime.  This cannot go on.  Massive people are hurting
9  and they are heartlessly taking advantage of each and every one.
10 Actually stealing their homes after causing a bubble burst by
11 illegal activity, causing global economic loss, putting millions
12 of people and millions of home in detrimental harms way created
13 by organized crime. Causing emotional distress to millions of
14 homeowners in Washington State.

15    3. **June 2009** through October 2009, (putting the sixth
16 November 2009 payment into a trust with my bankruptcy attorney)
17 ,I in earnest paid the modification loan payments for six
18 months, not knowing or being told in any way that by paying the
19 modification payments, I was being time delayed, and falling
20 behind in my payments which has put me in detrimental harms
21 way and the threat of foreclosure, and the modification payments
22 would only be considered a partial payment. I would have chosen
23 to keep making the larger payments until the modification loan
24 was finalized if I had been notified of the payments only being
25 allowed to be considered as partial payments.

   4. I have been requesting relief and help with a
modification for months that could have helped me sooner.  This
procrastination has harmed me. I believe this detrimental harm

SECOND SERVED AMENDED

COMPLAINT AND CAUSE OF ACTION

PAGE53

JOHN E. and SHELLEY A. ERICKSON PRO-SE
5421 PEARL AVE S.E.
AUBURN WA. 98092
(206)255-6324  (206)255-6326
(253)939-9741
SHELLEYSTOTALBODYWORKS@COMCAST.NET

1  was the intent of the servicing company.  It is deceitful
2  trickery, using concealment and fraudulent predatory servicing,
3  WHILE MAKING A THOUSAND DOLLARS FOR EACH TIME THE SERVICING
4  COMPANY REVIEWED THE LOAN DOCUMENTS, this incentive enabled by
5  government promises to pay in advance for each loan reviewed,
6  without the loan being closed.

7       5. These organized criminal Fraudster's now claim I never
8  made my modification payments. **EXHIBITS B #16 &16A**; The sixth
9  payment went to my attorney to hold in trust. Exhibits already
10 listed prove I did pay these modification payments

11      6. For all the reasons above Plaintiffs truly believe the
12 banks are doing a takeover of the American homes and economy:
13 Witnesses; customers of plaintiff's; Willie Winstead, Darcee
14 Davis, Tara and Jeff Davis, Linda Hoffman, Jerra Klegan, Debe
15 Flower, Ryan Erickson, and Kena Hernandez, Kim Simms, Barbara
16 Hockenson, and Rory Fletcher will testify to the economic loss
17 and their experience with Chase and more fraudster lenders, and
18 have knowledge of the over thirty years of my business.

19
20                  VIX. I AM DISPUTING MY MORTGAGE:
21

22      1. Predatory lenders and predatory servicing companies
23 cannot be allowed to put people in detrimental harms way.  The
24 only way to stop this is to stop them.  The Erickson's did not
25 understand my mortgage agreement.  The contract was not made
   clear to us. The Erickson's were tricked and mislead by the
   lenders.  Then the servicing agent mislead us during the
   modification loan.  The lender has used unfair and

SECOND SERVED AMENDED

COMPLAINT AND CAUSE OF ACTION                JOHN E. and SHELLEY A. ERICKSON PRO-SE
                                                    5421 PEARL AVE S.E.
PAGE54                                              AUBURN WA. 98092
                                               (206)255-6324   (206)255-6326
                                                     (253)939-9741
                                           SHELLEYSTOTALBODYWORKS@COMCAST.NET

1   discriminating interest rates and a predatory, unconscionable,
2   deceptive lending contract with the Erickson's.
3       2. The Erickson's have tried to come to some fair terms and
4   loan agreements with this lender and have been denied after
5   being told we were approved for the modification loan to find it
6   was deception and fraud.  Our bankruptcy attorney has told us to
7   ignore every statement and
8   phone call until she tells us it is time to file the bankruptcy,
9   so we have ignored every such call, since the November 13, 2009
10  letter, giving her the information and letters realizing the
11  fraudsters have voided the their contract. And have committed
12  mortgage fraud and criminal tort acts against us. The
13  plaintiff's tried working with the unscrupulous mortgage
14  servicer for over a year and a half and then were defrauded.
15  There is no good just reason to expect any reasonable actions
16  from organized criminals being the fraudster and co-conspirator
17  defendants. The Erickson's have given up on honest service from
18  the mortgage fraudsters, like the multiple homeowners/clients
19  that have come to our business and told us they have, some have
20  walked out on their homes in despair.  The mortgage companies
21  now claiming in the news the homeowners have dropped off and not
22  completed their modification loans, caused by fraud and
23  misleading dishonest service, so dishonest, and blatant million
24  of homeowners have become overwhelmed with this crime and
25  realized they have been duped and are giving up due to there is
    with no doubt no hope, they cannot afford to lawfully fight this
    huge crime against them and are dealing with organized
    corruption and do not know how to fight it and have no funds to

SECOND SERVED AMENDED

COMPLAINT AND CAUSE OF ACTION

PAGE55

JOHN E. and SHELLEY A. ERICKSON PRO-SE
5421 PEARL AVE S.E.
AUBURN WA. 98092
(206)255-6324   (206)255-6326
(253)939-9741
SHELLEYSTOTALBODYWORKS@COMCAST.NET

1  fight and in some cases no will left to fight, they are
2  emotionally drained.

3      3. The Erickson's have been mislead at the closing day, to
4  discover the mortgage document we signed is not what we believed
5  to be signing or we would never have signed it, expecting  a
6  duty of honest service from the lenders.

7      4. The Erickson's are victims of a predatory lender, using
8  unfair, deceptive, and fraudulent practices during the loan
9  organizing process.  This loan imposes unfair and
10 abusive loan terms on us the borrowers. Now the servicing agent
11 is using deceptive and unfair and fraudulent practices of the
12 serving agents during the loan /mortgage servicing process, post
13 loan origination and now modification loan. And again deceptive
14 "Honest Service fraud." This is "the practice of a lender
15 deceptively convincing borrower to agree to unfair and abusive
16 loan terms, systematically violating those terms in ways that
17 make it difficult for the borrower to defend against. Stressing
18 out millions of homeowners until they give up and walk away from
19 their homes they have relentlessly tried to save for months upon
20 months. Some so stressed out they are considering suidcide.

21     5. This mortgage is **unjustified risk-basing pricing**. This
22 is the practice of charging more in the form of higher interest
23 rate and fees for extending credit to borrowers identified by
24 the lender as posing a greater credit risk. Higher interest
25 rates put the barrower in **detrimental harms way.**_ The barrower
   is **tricked** into believing the loan is a good thing, and find out
   the mortgage is not what it seems and in fact is set up to
   easily and even **evitable go into foreclosure.  When if the party**

SECOND SERVED AMENDED

COMPLAINT AND CAUSE OF ACTION

PAGE56

JOHN E. and SHELLEY A. ERICKSON PRO-SE
5421 PEARL AVE S.E.
AUBURN WA. 98092
(206)255-6324  (206)255-6326
(253)939-9741
SHELLEYSTOTALBODYWORKS@COMCAST.NET

1  **had been fairly treated and not discriminated against the loan**
2  **would not go into foreclosure.** The Plaintiff's would not have
3  been in a situation to file for a new loan on their home if the
4  fraudsters and co-conspirators had not committed the hugest
5  organized crime in the history of the United States and caused
6  an economic crash, thus committing an economic crime, injuring
7  the plaintiff's business, by injuring vast amounts of the
8  plaintiffs clients incomes. The mortgage fraudsters'' created
9  unfair deceptive sellers market, raising deceptive cost of homes
10  and mortgages that would have been more affordable to
11  homeowners. If either and both the mortgage loan itself and the
12  modification loan had not been deceptive the plaintiffs'home
13  would not be in danger of foreclosure.

14

15      6. The Erickson's have answered every request to work out
16  an affordable modification loan with the lender. The lender
17  failed to present the loan price as being negotiable at the time
18  of the original loan. The lender failed to clearly and
19  accurately disclose the terms and conditions. Until clearly
20  plaintiffs clearly realized we were being duped in **November 11,**
21  **2009.**
22      7. The Erickson's are asking for proof of who owns the
23  mortgage. Has this mortgage become a securitization?  The letter
24  was sent over eight months ago, without answer or proof of who
25  owns the mortgage. **EXHIBIT A #3.** This letter was never answered.
        8. The Erickson's are demanding OMINIBUS Motion to cancel
   the mortgage-now! "By statute, assignment of the mortgage
   carries with it the assignment of the debt…. Indeed, in the

JOHN E. and SHELLEY A. ERICKSON PRO-SE
5421 PEARL AVE S.E.
AUBURN WA. 98092
(206)255-6324  (206)255-6326
(253)939-9741
SHELLEYSTOTALBODYWORKS@COMCAST.NET

1   event that a mortgage loan somehow separates interests of the
2   note and the deed of trust, with the deed of trust lying with
3   some independent entity, the mortgage may become unenforceable.
4   The practical effect of splitting the deed of trust from the
5   promissory note is to make it impossible for the holder of the
6   note to foreclose, unless the holder of the deed of trust is the
7   agent of the holder of the note. Without the agency
8   relationship, the person holding only the note lacks the power
9   to foreclose in the event of default.  The person holding only
10  the deed of trust will never experience default because only the
11  holder of the note is entitled to payment of the underlying
12  obligation.   The mortgage loan becomes ineffectual when the
13  note holder did not also hold the deed of trust. The Erickson's
14  request quiet title proving of the mortgage being enforceable or
15  "cancel the mortgage now"! The mortgage fraudsters did not
16  answer this letter dated November 11, 2009.served by Sarah Small
17  Point DeJour an attorney who is not familiar with mortgage
18  fraud.

19      9. In mortgage securitization transactions, the mortgage
20  servicer forwards the borrower's payment of principal and
21  interest to the certificate holders (investors) of
22  the special securitized trust that owns and holds the promissory
23  notes secured by the mortgages and deeds of trust.    The
24  mortgage servicer, however, is allowed to retain late fees, BPO
25  fees, inspection fees, and other fees charged or assessed to a
    borrower's account. In addition to the fee income, the servicer
    is allowed to retain the net liquidation proceeds of any
    foreclosure sale (net after foreclosure expenses and principal

SECOND SERVED AMENDED

COMPLAINT AND CAUSE OF ACTION

PAGE58

JOHN E. and SHELLEY A. ERICKSON PRO-SE
5421 PEARL AVE S.E.
AUBURN WA. 98092
(206)255-6324  (206)255-6326
(253)939-9741
SHELLEYSTOTALBODYWORKS@COMCAST.NET

1 balance to investors.) This give unfair incentive to corrupt
2 ruthless mortgage servicer to commit fraud and foreclose on home
3 owners. Trustees are auction fixing, purchasing mortgages
4 themselves from themselves.

5     10. This provides an incentive to unscrupulous servicers
6 who aggressively interpret mortgage documents to add additional
7 fees, to a borrower's mortgage account.   Many times, the
8 additional fees added on create an event of default
9 allowing the mortgage servicer to foreclose on the property.

10     11. Now the plaintiff's find this practice is commonly
11 referred to as manufacturing a default or manufactured default.
12 The Erickson's believe the servicing agent has indeed
13 manufactured default on the Erickson's and multiple sovereign
14 Washingtonians.

15     12. With incentive for kick backs the serving company for
16 the Erickson's mortgage has manufactured foreclosure , for
17 benefits they otherwise would not receive if there is no
18 foreclosure, causing service fraud, and dishonest service
19 violating the Honest Service doctrine and **RCW 9A.08.030 &RCW**
20 **9A.09.020** and all the above listed violations by mail and wire,
21 committing mail fraud and wire fraud and violating the RICO ACT.

22     13. Mortgage fraud and servicing fraud has created a civil-
23 war between homeowners and unscrupulous lenders preying on the
24 unaware borrowers to do a huge take over of smaller
25 corporations, literally killing small business, and the middle
class, stealing homes in silence from residents of the state of
Washington and the entire globe, with borrowers finding they
trusted honest service, to be in a situation they have very

SECOND SERVED AMENDED

COMPLAINT AND CAUSE OF ACTION

PAGE59

JOHN E. and SHELLEY A. ERICKSON PRO-SE
5421 PEARL AVE S.E.
AUBURN WA. 98092
(206)255-6324  (206)255-6326
(253)939-9741
SHELLEYSTOTALBODYWORKS@COMCAST.NET

1 little if no power, or money or knowledge to fight for their
2 entitled rights.
3
4 **X. THIS IS CONSUMER FRAUD AND MORTGAGE DISCRIMINATION**
5 **AT ITS WORST!**
6
7 1. The Erickson's request action to quiet title to
8 establish the plaintiff's title to land by compelling the
9 adverse claimant to establish a claim or be forever estopped
10 from asserting it: The Erickson's have never to date received a
11 reply to the November 11, 2009 notice. Exhibit A #16.
12 This is predatory and unfair mortgage practice, and
13 misrepresentation therefore the Erickson's demand the court to
14 grant rendering this securitized Mortgage unenforceable.  And to
15 cancel the mortgage now.
16 **XI. Fraudsters and Co-Conspirators**
17
18 1. **WAMU, and Chase Bank are only two of the three and a**
19 **half pages of fraudsters and co-conspirators listed on**
20 **www.msfraud.org/fraudsterslist.hmtl.**
21 The economic crime is so vast it is considered the biggest
22 organized crime in the history of the United States. **EXHIBITS 8-**
23 **12.**
24 **XI. VESTED INTEREST IN HOME EQUITY**
25 1. My husband and I have built this house with our bare
hands, no contractors in 1978, and have lived here all these
years paying taxes on the property all these years. We have done
everything possible to work with the lender to save our home.

SECOND SERVED AMENDED

COMPLAINT AND CAUSE OF ACTION

PAGE60

JOHN E. and SHELLEY A. ERICKSON PRO-SE
5421 PEARL AVE S.E.
AUBURN WA. 98092
(206)255-6324  (206)255-6326
(253)939-9741
SHELLEYSTOTALBODYWORKS@COMCAST.NET

1   We have paid the trial modification payments in good faith and
2   are being forced into protecting our home from unconscionable
3   predatory lenders and servicing agents and trustees. We pray the
4   courts will grant the motion of Ominibus relief, by Quiet Title.

5       2. Plaintiff's have loss of home equity caused by fraudster
6   mortgage agents and  mortgage servicing agents.

7       3. We pray the courts will grant reliance Estoppel due to
8   the lenders and servicing agents causing detrimental harm and
9   committing mortgage servicing fraud to the Erickson's, covered
10  by the estoppel law.  The Erickson's acted on the word
11  and promises of the servicing agents that lead the Erickson's to
12  detrimental harm and putting the Erickson's home into
13  foreclosure status. The Erickson's are claiming the lenders,
14  servicers, agents, and mortgage companies, and trustee's have
15  performed predatory lending, and servicing, unconscionable acts,
16  deceptive, unfair mortgage discriminating, and consumer fraud,
17  therefore Defendant's violating the "mail fraud"," wire fraud"
18  and "RICO ACT", RCW 9A.08.020 & RCW 9A.030, and the "Honest
19  Services Doctrine".

20      4. The lenders did not clarified the documents to the
21  Erickson's, concealing the true nature of these documents
22  leading the Erickson's to repossession of our home, during both
23  the time of the original signing of the mortgage and during the
24  modification period.

25      5. The Erickson's are claiming the predatory servicer's
    have acted as officious intermeddler's with unclean hands and
    should receive no restitution for the benefit conferred, nor
    quantum merit.

SECOND SERVED AMENDED
COMPLAINT AND CAUSE OF ACTION                    JOHN E. and SHELLEY A. ERICKSON PRO-SE
                                                        5421 PEARL AVE S.E.
PAGE61                                                   AUBURN WA. 98092
                                                  (206)255-6324   (206)255-6326
                                                        (253)939-9741
                                           SHELLEYSTOTALBODYWORKS@COMCAST.NET

6. This is Unconstitutional, Unclean Hands: one of the maxims of equity embodying the principle that a party seeking redress in a court of equity (equitable relief) must not have done any dishonest or unethical act in the transaction upon which he or she maintains the action in equity, since a court of conscience will not grant relief to one guilty of unconscionable conduct, ie., to one with "unclean hands."

7. Unconstitutional conflicting with some provision of constitution, most commonly the United State Constitution.   When a statute is found to be unconstitutional, it is considered void or as if it had never been, and consequently all rights, contracts, or duties that depend on it are void.   Similarly, no one can be punished for having refused obedience to the law once it is found to be unconstitutional.

## XX. PRAYER FOR RELIEF

For all the above reasons Plaintiff's demand relief from wrongful damages caused by wrongdoer agents,  egregious tort conduct engaged in by the defendants.Plaintiff's are entitled to restitution for personal injury, loss of property and injury of business in the amount of  twelve million dollars plus, times treble, and for any other relief the court may allow at their discretion : pursuant to  RICO (308) pursuant rule Rico (14)(15)(16)(22)(23)or d (24)(25). )(314). That states any person injured in his business or property by reason of a violation of RICO , U.S.C

SECOND SERVED AMENDED

COMPLAINT AND CAUSE OF ACTION

PAGE62

JOHN E. and SHELLEY A. ERICKSON PRO-SE
5421 PEARL AVE S.E.
AUBURN WA. 98092
(206)255-6324   (206)255-6326
(253)939-9741
SHELLEYSTOTALBODYWORKS@COMCAST.NET

section 1962 can sue for treble damages, costs of filing the lawsuit, and reasonable attorney's fee. (362). (370)(371)(372)(379) Beck v. Prupis, (380);(382). Plaintiffs demand the equivalent of a reasonable attorneys for cost and time to prepare our own defense, including all money damages, including general money damages caused by pain, suffering and emotional distress,and punitive damages.

        The Erickson's DEMAND quiet title and cancel the mortgage [NOW]. "Any false representation of material facts made with knowledge of falsity and with intent that it shall be acted on by another in entering into contract, and which is so acted upon, constitutes ":fraud, " and entitles party deceived to avoid contract or recover damages." Barnsdall Refining Corn, V. Birnam wood Oil Co, 92 F 2d 817.

   Plaintiff's demand a jury trial with a constitutional judge that swears an oath to the Constitution of the United States.

   Plaintiff's demand Judge Pechman to be dismissed from this case, due to conflict of interest. She has appeared to be partial to defendants in another case plaintiffs' have in the U.S. Supreme Court and is listed as one of the judges/ parties involved in my Writ of Certiorari Case No. 08-35962 involving fraud up the court. Federal law requires the automatic

SECOND SERVED AMENDED
COMPLAINT AND CAUSE OF ACTION
PAGE63

JOHN E. and SHELLEY A. ERICKSON PRO-SE
5421 PEARL AVE S.E.
AUBURN WA. 98092
(206)255-6324  (206)255-6326
(253)939-9741
SHELLEYSTOTALBODYWORKS@COMCAST.NET

disqualification of a Federal judge under certain circumstances.  Courts

have repeatedly held that positive proof of the partiality of a judge is not a

requirement, only  the appearance of partiality .Liljeberg v. Health

services Acquistion Corp. 486 U.S. 847, 1087 S. Ct.(1988). 2194 60.23:

### XIII.  CONCLUSION

With respect for all the above reasons, Defendant's have
violated the above laws, thereby causing the plaintiff's
injuries and damages; and breach of duty that resulted in the
plaintiff's suffered injuries, harm and damages that the
plaintiffs are entitled for relief. Which includes Ominibus
Motion And Quiet Title:

John E. Erickson Pro Se                    Dated September 27, 2010

Shelley A. Erickson Pro Se                 Dated September 27, 2010
5421 Pearl Ave S.E.
Auburn, Washington 98092
206-255-6324
206-255-6326
253-939-9741
E-mail Shelleystotalbodyworks@comcast.net


V.

SECOND SERVED AMENDED

COMPLAINT AND CAUSE OF ACTION                JOHN E. and SHELLEY A. ERICKSON PRO-SE
                                                      5421 PEARL AVE S.E.
PAGE64                                                  AUBURN WA. 98092
                                               (206)255-6324   (206)255-6326
                                                       (253)939-9741
                                             SHELLEYSTOTALBODYWORKS@COMCAST.NET

Long Beach Mortgage Co.,

Washington Mutual Bank and Chase Bank, Agent for Deutsche Bank

National Trust, Servicing Agent for Chase Bank, Peter Ru

agent/loan broker for Long Beach; Loan No.0697646826.

Davis Wright Tremaine LLP          Higa Escrow/Carole M. Higa

Suite 2200 1201 Third Avenue       505 106th Ave N.E. Suite 210

Seattle, WA 98101-3045             Bellevue, WA 98004

Peter Ru/agent mortgage broker/

Escrow broker for Higa Escrow

Higa Escrow/Carole M. Higa

505 106th Ave N.E. Suite 210

Bellevue, WA 98004

SECOND SERVED AMENDED

COMPLAINT AND CAUSE OF ACTION

PAGE65

JOHN E. and SHELLEY A. ERICKSON PRO-SE
5421 PEARL AVE S.E.
AUBURN WA. 98092
(206)255-6324  (206)255-6326
(253)939-9741
SHELLEYSTOTALBODYWORKS@COMCAST.NET

## CERTIFICATE OF SERVICE

I declare under penalty of perjury that on September 27th, 2010, I caused two copies of the foregoing Amended Complaint and Cause of Action to be served upon the Plaintiffs by first class or priority U.S.Mail: I also had two copies personally served to defendant's listed below.

Long Beach Mortgage Co.,
Washington Mutual Bank and Chase Bank, Agent for Deutsche Bank National Trust, Servicing Agent for Chase Bank, Peter Ru agent/loan broker for Long Beach; Loan No.0697646826.

Davis Wright Tremaine LLP            Higa Escrow/Carole M. Higa

Suite 2200 1201 Third Avenue         1810 116th Ave N.E. Suite D-2
Seattle, WA 98101-3045               Bellevue, WA 98004-0000

Peter Ru/agent mortgage broker/

Escrow broker for Higa Escrow

Higa Escrow/Carole M. Higa

505 106 Ave N.E. Suite 210

Bellevue, WA 98004.

DATED at Seattle, Washington this 27th day of September, 2010.            _Shelley A. Erickson_

Shelley A. Erickson

SECOND SERVED AMENDED

COMPLAINT AND CAUSE OF ACTION

PAGE66

JOHN E. and SHELLEY A. ERICKSON PRO-SE
5421 PEARL AVE S.E.
AUBURN WA. 98092
(206)255-6324  (206)255-6326
(253)939-9741
SHELLEYSTOTALBODYWORKS@COMCAST.NET