FILED

MAY 29 2012

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JOHN E. ERICKSON and SHELLEY A. ERICKSON, <br><br> Plaintiffs - Appellants, <br><br> and <br><br> SHELLEY'S TOTAL BODY WORKS DAY SPA/SHELLEY'S SUNTAN PARLOR, a sole proprietorship, <br><br> Plaintiff, <br><br> v. <br><br> LONG BEACH MORTGAGE CO; et al., <br><br> Defendants - Appellees. | No. 11-35313 <br><br> D.C. No. 2:10-cv-01423-MJP <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the Western District of Washington
Marsha J. Pechman, Chief Judge, Presiding

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Submitted May 15, 2012[**]

Before: CANBY, GRABER, and M. SMITH, Circuit Judges.

John E. and Shelley A. Erickson appeal pro se from the district court's summary judgment in their action arising from their home loan. We have jurisdiction under 28 U.S.C. § 1291. We review de novo, *Olsen v. Idaho State Bd. of Med.*, 363 F.3d 916, 922 (9th Cir. 2004), and we affirm.

The district court properly granted summary judgment for the reasons stated in its order entered on March 2, 2011.

The district court did not abuse its discretion by denying the Ericksons' motion for reconsideration because the Ericksons failed to show grounds warranting reconsideration. *See Sch. Dist. No. 1J, Multnomah Cnty., Or. v. ACandS, Inc.,* 5 F.3d 1255, 1262-63 (9th Cir. 1993) (setting forth standard of review and grounds for reconsideration).

The district court did not abuse its discretion by denying the Ericksons' motions for recusal. *See United States v. Studley*, 783 F.2d 934, 939-40 (9th Cir. 1986) (setting forth standard of review and noting that a litigant's threats to sue a judge are not grounds for recusal).

---

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

The Ericksons' remaining contentions are unpersuasive.

We do not consider matters not specifically and distinctly raised and argued in the opening brief, nor arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009) (per curiam).

The Ericksons' motion to file an oversized reply brief is granted, and the Clerk is directed to file the reply brief received on October 28, 2011. To the extent the Ericksons' filings seek to supplement the record with documents that were not presented to the district court, the request is denied.

**AFFIRMED.**