1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

8
9
10

JOHN E. ERICKSON; SHELLEY A.
ERICKSON; SHELLY'S TOTAL
BODY WORKS DAY SPA/SHELLY'S
SUNTAN PARLOR,

               Plaintiffs,

    v.

LONG BEACH MORTGAGE CO.;
WASHINGTON MUTUAL BANK;
CHASE BANK; DEUTSCHE BANK
NATIONAL TRUST COMPANY,

               Defendants.

CASE NO. C10-1423 MJP

ORDER DENYING PLAINTIFFS'
MOTION TO VACATE
JUDGMENT AND STAY
AUCTION

    This matter is before the Court on Plaintiff's motion to vacate the judgment and stay the auction of their home. (Dkt. No. 102.) Having considered the motion and supporting documents, (Dkt. Nos. 103–107), the Court DENIES the motion.

## Background

    Plaintiffs commenced this case in 2010 seeking relief on various theories after their application for a loan modification was denied by Defendant JPMorgan Chase Bank, N.A. (Dkt.

ORDER DENYING PLAINTIFFS' MOTION TO VACATE JUDGMENT AND STAY AUCTION - 1

No. 91 at 2–4.)  Plaintiffs had used their home to secure the loan.  The Court granted

Defendants' motion for summary judgment and dismissed Plaintiffs' claims in 2011.  (<u>Id</u>.)  The

Court also denied Plaintiffs' motion for reconsideration.  (Dkt. No. 94.)  Plaintiffs appealed and

the Ninth Circuit affirmed in 2012.  (Dkt. No. 100.)  Plaintiffs now move the Court to vacate the

judgment and for a stay of the auction of their home, scheduled for December 3, 2021.  (Dkt. No.

102.)  Defendants have not filed a response, but Plaintiffs, who are *pro se*, have filed hundreds of

additional pages.  (<u>See</u> Dkt. Nos. 103–07).

**Discussion**

**I.     Motion to Vacate**

Under Rule 60, the Court may relieve a party from a final judgment, order, or proceeding

for any of the following reasons:

(1) mistake, inadvertence, surprise, or excusable neglect;

(2) newly discovered evidence that, with reasonable diligence, could not have been
discovered in time to move for a new trial under Rule 59(b);

(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or
misconduct by an opposing party;

(4) the judgment is void;

(5) the judgment has been satisfied, released or discharged; it is based on an earlier
judgment that has been reversed or vacated; or applying it prospectively is no longer
equitable; or

(6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).  A motion under Rule 60(b) "must be made within a reasonable time—and

for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the

date of the proceeding."  Fed. R. Civ. P. 60(c)(1).  There is no time limit on a Rule 60(b) motion

for reasons (4), (5), or (6) so long as it is made "within a reasonable time."  <u>See</u> <u>Meadows v.</u>

1   <u>Dominican Republic</u>, 817 F.2d 517, 521 (9th Cir. 1987).  In addition, Rule 60 does not limit a

2   court's power to "set aside a judgment for fraud on the court."  Fed. R. Civ. P. 60(d).

3          Plaintiffs have provided no basis for the Court to set aside the judgment in this decade-

4   old case.  Plaintiffs' first argument appears to be that the judgment is void because the Court

5   lacked jurisdiction to issue its decision because Plaintiffs failed to serve the proper defendants.

6   (<u>See</u> Dkt. No. 102 at 7–12.)  It is true that a judgment against a defendant who was never served

7   is void because the court would lack personal jurisdiction over the defendant.  <u>See</u> <u>Thomas P.</u>

8   <u>Gonzalez Corp. v. Consejo Nacional De Produccion De Costa Rica</u>, 614 F.2d 1247 (9th Cir.

9   1980).  However, that principle is not relevant here because the Court never issued a judgment

10  against a defendant; rather, it dismissed Plaintiff's claims.  Plaintiffs' argument that the judgment

11  is void for lack of service is without merit because it is based on a misunderstanding of the law.

12         Plaintiffs also argue that the judgment is void because it was the result of fraud on the

13  Court.  Specifically, Plaintiffs contend that JP Morgan Chase Bank and Deutsche Bank National

14  Trust Co. have no interest in their mortgage, which they say remains in the hands of Long Beach

15  Mortgage Co., and that the Court was misled into believing otherwise by counsel for Defendants.

16  (<u>See</u> Dkt. No. 102 at 13–30.)

17         It appears the portion of the Court's prior order with which Plaintiffs are most concerned

18  relates to their claim for declaratory relief.  (<u>See</u> Dkt. No. 91 at 5–6.)  That claim depended on

19  the theory that Defendants lacked any interest in the loan because they were not the original

20  creditors.  The Court dismissed the claim because courts have repeatedly rejected such theories

21  and Plaintiffs failed to credibly challenge Defendants' evidence showing ownership of the note.

22  Plaintiffs appear to believe now that, if they can only reverse this portion of the Court's prior

23  order, they could prevent the sale from going forward.

24

ORDER DENYING PLAINTIFFS' MOTION TO VACATE JUDGMENT AND STAY AUCTION - 3

1    Plaintiffs have not shown that the Court should vacate the judgment or this portion of its

2 decision because of fraud or voidness.  Although they have filed hundreds of pages of

3 documents, the Court is unable to identify any support for this theory.  Plaintiffs have not shown

4 that Defendants' representation was fraudulent or that some other entity owns the note.  They do

5 not provide any newly discovered evidence that could support such a belated reversal or any

6 explanation for why they could not have made a motion to vacate within a reasonable time.  But

7 even if they did, the judgment here was merely one dismissing their claims.  This Court did not

8 decide whether Plaintiffs were in default or whether Defendants could foreclose on them.

9 Vacating the judgment would merely reinstate Plaintiffs' claims in this action and would have no

10 effect on the scheduled auction.

11 **II.     Motion to Stay**

12    Plaintiffs also move to stay the auction of their home on December 3.  Plaintiffs are filing

13 papers in the wrong case.  The order authorizing the auction was entered in a proceeding in King

14 County Superior Court.  (See Dkt. No. 102, Exhibits Part 1 at 124 (sheriff's notice in Deutsche

15 Bank National Trust Company, as Trustee, in Trust for Registered Holders of Long Beach

16 Mortgage Loan Trust 2006-4 v. John E. Erickson et al., No. 14-2-00426-5).)  The underlying

17 judgment against Plaintiffs that the sale of their home depends on was not issued in this case.

18 Even if the Court could vacate the judgment here, it would have no authority to stay the auction

19 because the underlying judgment would still be in effect.  That judgment was issued by a

20 Washington State court and this Court has no authority to review state-court judgments.  See

21 Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 291 (2005).  Plaintiffs might

22 consider seeking relief in that proceeding.

23

24

ORDER DENYING PLAINTIFFS' MOTION TO VACATE JUDGMENT AND STAY AUCTION - 4

1    Plaintiffs might also consider obtaining legal advice or counsel through the Northwest

2  Justice Project (by calling 211 or 800-621-4636 on weekdays, 8:00 a.m. to 6:00 p.m., or via

3  https://nwjustice.org/get-legal-help or www.washingtonlawhelp.org) or the King County Bar

4  Association's attorney referral line (206-267-7010).

5    Plaintiffs' motion is DENIED.  The clerk is ordered to provide copies of this order to all

6  parties and counsel.

7    Dated December 1, 2021.

8

9    Marsha J. Pechman
     United States Senior District Judge

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24