UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JOHN E. ERICKSON; SHELLEY A. ERICKSON; SHELLY'S TOTAL BODY WORKS DAY SPA/SHELLY'S SUNTAN PARLOR,<br><br>Plaintiffs,<br><br>v.<br><br>LONG BEACH MORTGAGE CO.; WASHINGTON MUTUAL BANK; CHASE BANK; DEUTSCHE BANK NATIONAL TRUST COMPANY,<br><br>Defendants. | CASE NO. C10-1423 MJP<br><br>ORDER DENYING MOTION FOR RECONSIDERATION |

This matter is before the Court on Plaintiffs' motion for reconsideration. (Dkt. No. 109.) Having considered the motion and supporting declarations, (Dkt. Nos. 110, 111), and the relevant record, the Court DENIES the motion.

ORDER DENYING MOTION FOR RECONSIDERATION - 1

**Discussion**

**A.      Legal Standard**

Plaintiffs ask the Court to reconsider its order denying their motion to vacate the judgment and stay the auction of their home. (Dkt. No. 108.) A motion for reconsideration is rarely granted. "A motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co., 571 F.3d 873, 880 (9th Cir. 2009). Local rules also make clear Plaintiffs have a significant burden:

> Motions for reconsideration are disfavored. The court will ordinarily deny such motions in the absence of a showing of manifest error in the prior ruling or a showing of new facts or legal authority which could not have been brought to its attention earlier with reasonable diligence.

LCR 7(h).

In addition, the Local Civil Rules limit the length of a motion for reconsideration to six pages. LCR 7(e)(1). Plaintiffs' motion is eighteen pages. (Dkt. No. 109.) It is accompanied by a seven-page declaration that is actually just a continuation of legal arguments Plaintiffs present in their motion and not a proper declaration at all. (See Dkt. No. 110, Declaration of John Erickson.) The Court declines to consider any of that purported declaration or any of the motion beyond the sixth page of substantive argument, meaning the Court will not consider the motion past ECF page 9. (See Dkt. No. 109.)

**B.      Plaintiffs' Arguments**

Almost all of Plaintiffs' arguments were considered and rejected by the Court in its orders granting Defendants' motion for summary judgment and denying reconsideration, (see Dkt. Nos. 91, 94), and by the Ninth Circuit, which affirmed these orders, (see Dkt. No. 100.).

1    The Court again considered these arguments in Plaintiffs' motion to vacate. (Dkt. No. 108.) The
2    Court declines to take up Plaintiffs' contentions regarding their failure to effectuate service or
3    whether Defendants must produce the original note. (See Dkt. No. 109 at 4–9.)

4        The only argument Plaintiffs have raised here that merits discussion is their reference to
5    Hoang v. Bank of Am., N.A., 910 F.3d 1096 (9th Cir. 2018). (See Dkt. No. 109 at 7.) In that
6    case, the Ninth Circuit held that the statute of limitations for a rescission claim under the Truth
7    and Lending Act (TILA), 15 U.S.C. § 1601, et seq., raised in Washington is six years. Hoang,
8    910 F.3d at 1099. It appears Plaintiffs did reference Hoang in their motion to vacate, although
9    they identified the case incorrectly as "Hwang v. JPMorgan Chase" and "Hwang v. BOA." (Dkt.
10   No. 102 at 15.) And while Plaintiffs included a copy of the decision as an exhibit to their
11   motion, (Dkt. No. 102, Ex. 2 at 258), they did not assist the Court by burying it amidst dozens of
12   pages of cryptic arguments and approximately 3,353 pages of material, almost all of which does
13   not appear to be relevant. (See Dkt. Nos. 102–107.)

14       The only reason the Court is entertaining this argument is that it dismissed Plaintiffs'
15   TILA claim for rescission as time-barred, applying a three-year statute of limitations. (Dkt. No.
16   91 at 5.) The loan was consummated in 2006, and Plaintiffs sued in August 2010, so they would
17   have been within the six-year statute of limitations under Hoang. (Id.) A viable TILA claim can
18   be a defense to foreclosure because it permits a consumer to rescind the underlying transaction,
19   voiding the security interest in the loan. See 15 U.S.C. § 1635(a); 12 C.F.R. § 1026.23(d).

20       Nevertheless, the Court declines to vacate its decision for two reasons. First, Plaintiffs
21   did not move to vacate within a reasonable time, so they have not shown vacatur is justified.
22   Second, Plaintiffs' have not shown they have a viable TILA claim in the first place such that
23   vacating the decision would provide effective relief.

24

*1.    A Rule 60 motion must be made within a reasonable time.*

To the extent Plaintiffs seek to vacate the Court's order on the basis of the following grounds under Rule 60(b)(1)–(3), their motion is denied because they did not bring it within a reasonable time: mistake, inadvertence, surprise, or excusable neglect; newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial; or fraud, misrepresentation, or misconduct by an opposing party. A motion to vacate on those grounds must be made "no more than a year after the entry of the judgment or order." Fed. R. Civ. P. Rule 60(c)(1). Plaintiffs' motion was late by eight years.

To the extent Plaintiffs move to vacate on the other Rule 60(b) grounds—the judgment is void; applying the judgment prospectively is no longer equitable; or any other reason that justifies relief, see Rule 60(b)(4)–(6)—they have not done so within a reasonable time. The Court entered judgment in this case on March 2, 2011. (Dkt. No. 92.) After appeal, the Ninth Circuit issued the formal mandate on November 5, 2012. (Dkt. No. 102.) Plaintiffs moved to vacate the judgment on November 5, 2021—nine years later. (Dkt. No. 102.) Plaintiffs could have moved to vacate the dismissal of their TILA rescission claim after the Ninth Circuit's decision in Hoang, in 2018. They did not make their motion until three years later. The Court understands Plaintiffs had difficulty retaining counsel, but that did not deter them before, or now.

*2.    Plaintiffs have not shown they have a viable TILA claim.*

Even if their motion was timely, Plaintiffs have never stated a claim for rescission under TILA, so their motion lacks merit. TILA permits a borrower to rescind their loan within three days of closing. If the lender fails to deliver specific disclosures, that period is extended to three years. 15 U.S.C. § 1635(a), (f); 12 C.F.R. § 1026.23(a)(3)(i), (ii). After rescinding a loan under TILA, a borrower "is not liable for any finance or other charge, and any security interest given

by the [borrower] . . . becomes void upon such a rescission." 15 U.S.C. § 1635(b); 12 C.F.R. § 1026.23(a)(3). Once the creditor performs its obligations under TILA, the borrower "shall tender the property to the creditor . . . [or] tender its reasonable value." Id. At that point, the loan is wound up. Hoang v. Bank of Am., N.A., 910 F.3d 1096, 1100 (9th Cir. 2018).

Plaintiffs failed to allege the necessary elements of a TILA rescission claim. In particular, they never alleged that they gave the required written notice of their intent to rescind the loan to their lender. (See generally Dkt. No. 14, Second Amended Complaint.) But the borrower must give notice to the lender of their intent to rescind the loan under TILA. 15 U.S.C. § 1635(f); Hoang, 910 F.3d at 1100 (citing Jesinoski v. Countrywide Home Loans, Inc., 574 U.S. 259, 261–62 (2015)). That notice must be in writing. Jesinoski, 574 U.S. at 263. The notice must also be provided to the lender within the rescission period—three days, if the lender provided the required notices, or three years, if not. 15 U.S.C. § 1635(a). Plaintiffs state only that "the Bank did not provide appropriate disclosure as required by the Truth in Lending Act in a substantive and technical manner." (Second Am. Compl. at 34.) This statement is conclusory because it contains no specific factual allegations that would show a specific lender violated TILA by failing to provide the necessary disclosures. These gaps are fatal to their rescission claim.

Plaintiffs' motion is DENIED. The clerk is ordered to provide copies of this order to Plaintiffs and all counsel.

Dated February 8, 2022.

Marsha J. Pechman
United States Senior District Judge

ORDER DENYING MOTION FOR RECONSIDERATION - 5