UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| JOHN E. ERICKSON; SHELLEY A. ERICKSON; SHELLY'S TOTAL BODY WORKS DAY SPA/SHELLY'S SUNTAN PARLOR,<br><br>    Plaintiffs,<br><br>    v.<br><br>LONG BEACH MORTGAGE CO.; WASHINGTON MUTUAL BANK; CHASE BANK; DEUTSCHE BANK NATIONAL TRUST COMPANY,<br><br>    Defendants. | No. 2:10-CV-01423-SAB<br><br>**ORDER DISMISSING MOTIONS TO VACATE** |

    Before the Court are Plaintiffs' Motion to Vacate a Void Judgment, ECF No. 134, and Motion to Vacate Judge Pechman's Judgement and Rulings in Violation of 28 U.S.C. § 1441(a), ECF No. 136. Plaintiffs are pro se. Defendants are represented by Fred B. Burnside and Joshua A. Rataezyk. The motions were considered without oral argument.

    Although titled as motions to vacate, it appears Plaintiffs have actually filed motions for reconsideration under either Federal Rule of Civil Procedure 59(e)

**ORDER DISMISSING MOTIONS TO VACATE # 1**

1  (motion to alter or amend a judgment) or 60(b) (relief from judgment) and the
2  Court will construe the motions as such. *See Sch. Dist. No. 1J v. ACandS, Inc.*, 5
3  F.3d 1255, 1262 (9th Cir. 1993). Reconsideration is an extraordinary remedy and,
4  in the interests of finality and conservation of judicial resources, is used sparingly.
5  *Kona Enterprises, Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000).
6  "Reconsideration is appropriate if the district court (1) is presented with newly
7  discovered evidence, (2) committed clear error or the initial decision was
8  manifestly unjust, or (3) if there is an intervening change in controlling law." *Sch.*
9  *Dist. No. 1J*, 5 F.3d at 1263. Whether to grant a motion for reconsideration is
10 within the discretion of the district court. *See 389 Orange St. Partners v. Arnold*,
11 179 F.3d 656, 661 (9th Cir.1999).

12       Judgment has already been determined in favor of Defendants and affirmed
13 by the Ninth Circuit Court of Appeals, ECF Nos. 92 and 101, and Plaintiffs do not
14 meet the taxing standard for reconsideration.

15       While Plaintiffs' briefing is somewhat difficult to follow, they initially
16 appear to seek reconsideration due to a statute that was not disclosed to them;
17 however, they then proceed to claim that Defendants "are felons for the reason we
18 have set forth in our Complaint and Summons . . . briefs . . . declarations and
19 affidavits." They further accuse Defendants of forgery, extortion, and repeatedly
20 "abus[ing] a name salad to confuse the courts." Despite these allegations, Plaintiffs
21 have made no showing that Defendants committed any wrongdoing or that the
22 judgment was entered as a result of any said wrongdoing or confusion by the
23 courts. In conclusion, the motions and related affidavit do not present newly
24 discovered evidence, do not show clear error or a decision that is manifestly unjust,
25 and do not demonstrate an intervening change in controlling law. The Court thus
26 denies both motions.
27 //
28 //

**ORDER DISMISSING MOTIONS TO VACATE # 2**

Accordingly, **IT IS HEREBY ORDERED**:

1. Plaintiffs' Motion to Vacate a Void Judgment, ECF No. 134, and Motion to Vacate Judge Pechman's Judgement and Rulings in Violation of 28 U.S.C. § 1441(a), ECF No. 136, are **DENIED**.

2. The case remains closed.

**IT IS SO ORDERED**. The Clerk of Court is directed to enter this Order, forward copies to counsel, and **close** the file.

**DATED** this 15th day of January 2025.

_____
Stanley A. Bastian
United States District Judge

**ORDER DISMISSING MOTIONS TO VACATE # 3**