UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| JOHN E. ERICKSON; SHELLEY A. ERICKSON; SHELLY'S TOTAL BODY WORKS DAY SPA/SHELLY'S SUNTAN PARLOR,<br><br>    Plaintiffs,<br><br>    v.<br><br>LONG BEACH MORTGAGE CO.; WASHINGTON MUTUAL BANK; CHASE BANK; DEUTSCHE BANK NATIONAL TRUST COMPANY,<br><br>    Defendants. | No. 2:10-CV-01423-SAB<br><br>**ORDER DENYING MOTION TO VACATE** |

    Before the Court is Plaintiffs' Motion to Vacate All Orders in this Case, ECF No. 138. Plaintiffs are pro se. Defendants are represented by Fred B. Burnside and Joshua A. Rataezyk. The motion was considered without oral argument.

    Although titled as a motion to vacate, it appears Plaintiffs have actually filed a motion for reconsideration under either Federal Rule of Civil Procedure 59(e) (motion to alter or amend a judgment) or 60(b) (relief from judgment) and the Court will construe the motions as such. *See Sch. Dist. No. 1J v. ACandS, Inc.*, 5

**ORDER DENYING MOTION TO VACATE # 1**

F.3d 1255, 1262 (9th Cir. 1993). Reconsideration is an extraordinary remedy and, in the interests of finality and conservation of judicial resources, is used sparingly. *Kona Enterprises, Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000). "Reconsideration is appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *Sch. Dist. No. 1J*, 5 F.3d at 1263. Whether to grant a motion for reconsideration is within the discretion of the district court. *See 389 Orange St. Partners v. Arnold*, 179 F.3d 656, 661 (9th Cir.1999).

Judgment has already been determined in favor of Defendants and affirmed by the Ninth Circuit Court of Appeals, ECF Nos. 92 and 101, and Plaintiffs do not meet the taxing standard for reconsideration.

While Plaintiffs' briefing is somewhat difficult to follow, they appear to seek reconsideration due to their disagreement with the captioning of Defendants in this case. They concede that this is the fourth time they have submitted the same argument but contend that this time they have provided supporting caselaw that was previously unknown to them. However, even assuming the caselaw Plaintiffs cite were applicable, that is not the standard: there must be a change in controlling caselaw since the prior ruling, not merely a discovery of caselaw that was previously unknown. Here, Plaintiffs have failed to demonstrate new evidence, a change in controlling caselaw, or that the courts' decisions in this matter have been manifestly unjust. The Court **denies** the motion.

//
//
//
//
//
//
//

**ORDER DENYING MOTION TO VACATE # 2**

Accordingly, **IT IS HEREBY ORDERED**:

1. Plaintiffs' Motion to Vacate All Orders in this Case, ECF No. 138, is **DENIED**.

2. The case remains closed.

**IT IS SO ORDERED**. The Clerk of Court is directed to enter this Order, forward copies to counsel, and **close** the file.

**DATED** this 15th day of September 2025.

_____
Stanley A. Bastian
United States District Judge

**ORDER DENYING MOTION TO VACATE # 3**